THE STATE OF KANSAS v. MICHAEL COUGHLIN, *et al.*

SURETIES OF THE PEACE; *Jurisdiction; When Written Complaint is Necessary.* Except in cases of affray, threats, or other misconduct in his presence, a magistrate has no power under the statute to require any one to give bonds to keep the peace, unless a written complaint be first made and filed.

### Appeal from Leavenworth District Court.

THE district court, at the December Term 1877, adjudged and required *Michael Coughlin, James Coughlin,* and *Bridget Coughlin,* to enter in a recognizance in the sum of $250, to appear before that court within one year from the date of the order, to keep the peace, and to pay the costs. From such decision and order said parties appeal to this court. All necessary facts are stated in the opinion.

*Thomas P. Fenlon,* for appellants.

*Joseph W. Taylor,* county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Defendants were bound over to keep the peace, and now challenge the judgment of the court for want of jurisdiction. The facts are these: One of the defendants

35—19 KAS.

filed an affidavit with a justice of the peace, charging Robert and Susan Edmonds with an assault with intent to kill. Upon the examination of that charge the justice bound the defendants in that action over to keep the peace, and taxed half the costs against them. He also, without any written or other complaint against the defendants and appellants here, required them to enter into bonds to keep the peace, and taxed the other half of the costs against them. According to the transcript from his docket this order was made, not upon threats, or affray, in his presence, but upon the testimony of witnesses. Upon the hearing in the district court that court made a similar order. From this order these defendants appeal.

Had the district court jurisdiction to make this order? We think not. Except in cases of threats, or affray, in the presence of the magistrate, as provided in section 13 of the code of criminal procedure, a written complaint is necessary to give the magistrate jurisdiction. Where a defendant is arrested upon one charge he may be bound over for another, and in such case no new complaint is absolutely essential. *Redmond v. The State*, 12 Kas. 172. But these defendants were never arrested upon any charge. They were present simply as witnesses; and a magistrate has no power to require one who is simply a witness, and guilty of no misconduct in his presence, and against whom no written complaint is filed, to give bonds to keep the peace. The provision in section 16 of the criminal code, concerning "cases where there is no complaint," refers to those in which the magistrate required a bond to keep the peace on account of misconduct in his presence, and does not give to magistrate or court power to dispense with a written complaint in other cases. Counsel for the state contends that as the magistrate is by the statute required to transmit only the recognizance to the district court, and as that in this case was in proper form, the district court acquired jurisdiction whether the magistrate had any or not. We cannot assent to that proposition. If the magistrate had no jurisdiction, the recognizance

was void, and the district court by it acquired no-jurisdiction. A transcript of the justice's docket was duly filed in the clerk's office with the recognizance, and objection was seasonably taken to any proceeding against these defendants without a written complaint.

For this error the judgment must be reversed, and the case remanded with instructions to discharge these defendants.

All the Justices concurring.