# CHARLESTON.

REGER *v.* GALL.

Submitted September 3, 1903—Decided December 12, 1903.

1. .DECREE—*Reversal—Necessary Parties.*
    If, in any way, it be shown by the record that the final decree was rendered in the absence of necessary parties, such decree will be reversed and the cause remanded in order that proper parties may be made. (p. 381).

| 54 | 373 |
| 55 | 379 |

| 54 | 373 |
| 56 | 355 |

| 54 | 373 |
| f62 | 499 |
| f63 | 471 |

| 54 | 373 |
| f65 | 138 |

Appeal from Circuit Court, Barbour County.

Bill by John T. Reger against David W. Gall. Decree for plaintiff, and defendant appeals.

*Reversed.*

FRED O. BLUE, for appellant.

J. HOP WOODS, for appellee.

MILLER, JUDGE:

It appears from the record in this case that, on the 1st. day of March, 1898, the appellant, D. W. Gall, sold to appellee, John T. Reger, the "Plaindealer," a newspaper plant in the town of Philippi, Barbour County, West Virginia, for one thousand dollars. Reger executed to Gall his seven several promissory notes for said sum—one for fifty dollars, payable October 30, 1898, five for one hundred and fifty dollars each, payable October 30, 1899, 1900, 1901, 1902, and 1903, respectively, and one for two hundred dollars, payable October 30, 1904, all bearing date on the day and year first aforesaid, and each bearing interest from its date. To secure to said Gall, and his assigns, the payment of the aforesaid notes, also another note of said Reger to Gall for two hundred and forty-eight dollars and eighty-three cents, bearing date on the 9th day of November, 1896, and whatever sum might be due said Gall from Reger on a settlement of their partnership accounts, said Reger, by deed of trust of the even date of said first mentioned notes, conveyed to F. O. Blue, as trustee, the entire Plaindealer plant, and all stock and fixtures of the office, in which deed it was provided that, should the said John T. Reger pay off and cancel the several evidences of debt to said Gall, or his assigns, the deed was to be void, but in the event of his failure so to do, it should be the duty of said trustee to sell said property at public aution, when requested by said Gall. It further appears that appellant and appellee had been partners in the Plaindealer plant; that the said two hundred and forty-eight dollar and eighty-three cent note represented a settlement of their accounts up to the 9th day of November. 1896, the date of said note; but that the other partnership accounts and transactions, pertaining to said newspaper business, from the date last mentioned to the date of the

deed of trust, had not been settled, and have not been settled since that time.

Some time in June, 1899, said Blue, trustee, as aforesaid, being required by appellant so to do, advertised for sale, under the trust deed, the Plaindealer plant, and property conveyed to him as aforesaid. Thereupon the said Reger, on the 7th day of July, 1899, presented to the judge of the circuit court of Barbour county, his bill, verified by affidavit, against said Gall and Blue, trustee, praying an injunction to enjoin and restrain the trustee from advertising a sale under said trust, and from the execution thereof, until the matters alleged in the bill could be inquired into.

The bill sets out the sale of the newspaper plant, the execution of the notes by plaintiff to Gall therefor; also the said note for two hundred and forty-eight dollars and eighty-three cents, and the agreement to pay to Gall whatever might be due from plaintiff to him upon a setttlement of partnership matters theretofore existing between them. It then, in substance, alleges that a part of the time from the 20th day of June, 1893, until the 1st day of March, 1898, plaintiff was a partner of Gall in the said newspaper; that very little, if anything, is due to Gall, according to his own pretensions, upon a settlement of their partnership accounts, mentioned in the trust deed; that, at the time of said purchase, Gall agreed with plaintiff not to collect, or endeavor to collect, said two hundred and forty-eight dollars and eighty three cents from plaintiff until he had paid said annual installments; that, without such agreement, plaintiff would not have purchased said newspaper, or have executed said trust thereon for reason that he wanted sufficient time within which to pay for the same, to all of which said Gall agreed; that the first one, and only one, of said deferred annual installments which has become due, plaintiff has paid with the exception of a very few dollars, which he has arranged for in a satisfactory manner with the person to whom said Gall has assigned the same; that nothing further is now due and payable thereon until the 1st day of October, 1899, that as plaintiff is informed, said Gall has asigned, or pretended to assign, either in payment of his own debts, or as collateral security for the same, the residue of said notes, so that nothing is due him thereon, but as to whom said Gall has assigned said notes plaintiff is not fully advised. It

further alleges that Gall is not living in this state, and is insolvent; the defendant has demanded of plaintiff said two hundred and forty-eight dollars and eighty-three cents, which plaintiff has refused to pay, not only because of said agreement, but because he does not owe the same; or, if owing the same, he has lawful setts-off against it, to the full amount thereof, of all of which said Gall is fully advised.

Plaintiff then avers that Gall is indebted to him the amount of a negotiable note for one hundred and eighteen dollars and twenty-nine cents, dated April 9, 1891, executed by Gall to him, and by him endorsed for Gall's accommodation, and by Gall endorsed to J. N. B. Crim, payable at Tygarts Valley Bank, whereof protest was waived, and, in default of payment thereof by Gall, paid by plaintiff to Crim, who assigned the same without recourse to the plaintiff; and further, that, on the 18th day of February, 1895, said Crim recovered a judgment in the name of James Nutter against said Gall, and previously against G. B. Harvey for six hundred and thirty-three dollars and ninety-four cents with interest and costs in the circuit court of said county, which, plaintiff says, said Gall is liable for, and which remains unpaid, of which two hundred dollars, part thereof, has been asigned by said Crim for a valuable consideration to plaintiff, which last mentioned sum also remains unpaid; that the said two hundred dollars and the said note constitute proper legal setts-off against said two hundred and forty-eight dollars and eighty-three cents, due from plaintiff to Gall, which plaintiff offers to set off against the same. Copies of the said judgment and assignment of part thereof are made parts of the bill. The prayer is that the plaintiff may have a decree setting off his said demands against said two hundred and forty-eight dollars and eighty-three cents; for a settlement of the partnership accounts between plaintiff and said Gall; that, if anything be found due plaintiff, it may be decreed to him, and that the trustee be enjoined from advertising or selling the property under the trust deed, until said matters be enquired into.

The record shows that, on the 10th day of November, 1899, the defendant, D. W. Gall, tendered in court his answer to the plaintiff's bill, to which answer the plaintiff replied generally. The answer referred to is, in fact, a demurrer and answer to-

gether. Respondent demurs to the plaintiff's bill, because said James Nutter and G. B. Harvey are not made parties thereto. The answer states the terms of the said sale, the execution by Reger of the notes and deed of trust, and then alleges that on the 9th day of November, 1896, respondent induced plaintiff to make, at least, a partial settlement with him, upon which partial settlement there was found due from plaintiff to respondent the sum of two hundred and forty-eight dollars and eighty-three cents for which said note of that amount was given by Reger; and that there is due from plaintiff upon a proper settlement, at least three hundred dollars more. Respondent denies any agreement with plaintiff for an extension of the time of payment of said two hundred and forty-eight dollars and eighty-three cent note. Respondent says that, on the 16th day of January, 1899, for value, he assigned one hundred dollars of the last above mentioned note to R. E. Miles, of Washington, D. C., and that on the 12th day of June, 1899, he assigned eighty-five dollars thereof to S. M. Yeatman of the said city, of which assignments the plaintiff had notice, before the institution of his suit, and before the assignments by Crim to plaintiff of said alleged setts-off; that said alleged setts-off were obtained by the plaintiff after respondent had directed the trustee to sell the property under the trust, and after the trustee had notified plaintiff that he was required to enforce the deed of trust. Respondent further says that plaintiff owes him two hundred and eighty dollars in rents; that the said judgment of Nutter against Harvey and himself was, in fact, paid to Crim before said assignment of part thereof to plaintiff; that the said one hundred and eighteen dollars and twenty-nine cents is more than off-set by said rents due from plaintiff to respondent; and that the books showing the accounts between plaintiff and respondent are all in the possession of plaintiff, and that he declines to surrender them to respondent or to make any settlement of the matters between them. Respondent prays, among other things, for settlement of the said partnership accounts.

The affidavit of said Crim is filed. Affiant says that, on the 29th day of June, 1899, he assigned and transferred to John T. Reger, by a paper writing of that date, a copy of which is filed with plaintiff's bill, two hundred dollars out of a certain judgment of six hundred and thirty-three dollars and ninety-four

cents, with interest thereon from the 12th day of February, 1895, and thirty-two dollars and ten cents costs, recovered in the circuit court of Barbour County by one James Nutter against said D. W. Gall and G. B. Harvey; that said assignment was for full value; that no part of said judgment had, at the time of said assignment, or has since, been paid to him by either Gall or Harvey; * * that said assignment was made to Reger to enable him to set the same off, together with a claim of one hundred and eighteen dollars and twenty-nine cents, against said two hundred and forty-eight dollars and eighty-three cents, and that said judgment, although in the name of James Nutter, belongs to affiant.

Depositions were taken and filed in the cause on behalf of plaintiff and defendant. The plaintiff testified that defendant is insolvent; that when his bill was filed, he owed Gall the two hundred and forty-eight dollars and eighty-three cents, and interest thereon, and that Gall owed him said one hundred and eighteen dollars and twenty-nine cents, and two hundred dollars assigned to him by Crim with their interest; that he believed, upon a settlement of their partnership account, Gall would owe him thereon; and that it was expressly understood between Gall and himself at the time the two hundred and forty-eight dollars and eighty-three cent note was given, it was not to be paid; and that deponent was not to be called on to pay it until after the office, (or newspaper), notes proper were all paid. It will be observed that the former note bears date, November 9, 1896, and the latter notes, March 1, 1898. Plaintiff admitted that the notice of sale by the trustee had been inserted in his newspaper before the date of the assignment to him of said two hundred dollars, part of said judgment. It is further proved that I. E. Robinson is the owner, by assignment, of said five notes for one hundred and fifty dollars each and said fifty dollar note, upon which notes two hundred dollars has been paid to him. J. N. B. Crim states that the Nutter judgment belonged to him; that he assigned two hundred dollars, part thereof, to Reger. Appellant testifies that Reger owes him at least three hundred and fifty dollars on their unsettled partnership account; that Reger had notice before bringing his suit of the said assignments by appellant to Miles and Yeatman of parts of said two hundred and forty-eight dollars and eighty-three cents; that when he required the trustee

to advertise the trust property for sale under the deed of trust, he was acting for himself and for Miles and Yeatman, under an agreement with them to see that the said note should be paid; and that the books and papers relating to the said partnership accounts are in the possession of Reger, who refuses to turn them over to appellant.

R. E. Miles testifies that Gall assigned to him for a valuable consideration, one hundred dollars of the two hundred and forty-eight dollars and eighty-three cent note, prior to June 29, 1899. Yeatman also testified to the assignment of eighty-five dollars of said note to him, on the 12th day of June, 1899, for value. Both of said sums of one hundred dollars and eighty-five dollars are shown to be unpaid, and that Gall had agreed at the time of the assignments to see to the collection of the same for the assignees thereof.

The said judgment of which the two hundred dollar assignment purports to be a part is in the name of James Nutter. It was rendered previously against G. B. Harvey, and, on the 18th day of February, 1895, against said D. W. Gall. There is nothing in the record showing, or attempting to show, that, as between themselves, Gall and Harvey are not equally liable for the amount of said judgment. Crim is not a party to the record of said judgment. No assignment thereof by Nutter to Crim is filed or proved.

Upon the record thus made up the cause came on to be heard by the court, and thereupon the defendant moved the court to dissolve said injunction, which the court refused to do, but adjudged, ordered and decreed that said injunction should be perpetuated; and that the plaintiff should recover from the defendant his costs. From this decree, appellant was allowed an appeal.

It is difficult to understand how the circuit court arrived at the conclusion that the injunction should be perpetuated, at least, without some reservation or saving as to the matters set up in the pleadings, other than said two hundred and forty-eight dollars and eighty-three cent note. That note is shown to be a valid contract, and unpaid at the time of the commencement of plaintiff's suit. While it does not expressly appear that it was then due, according to its terms, that fact is nowhere disputed or denied. No valid or binding agreement between the parties

thereto for an extension of the time of its payment has been proved. Large parts of the debt therein specified were assigned to third parties for value of which the plaintiff had notice, before he commenced his suit. The assignees are not made parties. If the court applied the said two hundred dollars, part of said Nutter judgment, assigned to the plaintiff as aforesaid, to said two hundred and forty-eight dollars and eigthy-three cents, as a set-off, such application, (if proper under any circumstances), is without proof that Gall was or is the principal debtor in the said Nutter judgment. One of the objects of an adjudication is to end litigation between the parties, as to the matter in controversy. The allowance of this two hundred dollars as a set-off, in the absence of Nutter and Harvey, as parties, would afford cause for other controversies. There would be nothing to prevent the issuance of an execution against Gall and Harvey for the full amount of said judgment, notwithstanding said assignment and application of part thereof as aforesaid. An execution, being founded on a legal judgment, must follow the judgment, and be warranted by it, and this depends on its nature and form, and must conform to it in every respect as to the amount of the judgment and character of the parties, or it is void. Herman on Ex. section 55.

Reger says in the deed of trust, signed, sealed, acknowledged and delivered by him, that it is to secure "whatsoever may be due the said D. W. Gall from the said John T. Reger on a settlement of their partnership account," as well as the notes specified therein. In addition to this admission, we have the evidence of Gall that there is, at least, three hundred dollars due him on a settlement of the partnership accounts, disputed only by the statement of Reger that he does not owe Gall anything. Any amount found due to Gall on such settlement is a lien on the newspaper property conveyed by the trust. Such settlement should be made before any sale of the property can take place with safety to the persons already interested as lien holders, or to a purchaser thereof. Besides, it appears that I. E. Robinson is the owner and holder, and was such before the institution of the suit, of the largest part of the said trust debt. It is important and necessary that all parties who hold any of the said indebtedness of Reger to Gall secured by said deed of trust, should be before the court, that their rights and equities may be ascertained

before a sale of the property shall be made. "When a court of equity takes jurisdiction of a cause for one purpose, it will go on and dispose of the questions involved, to avoid a multiplicity of suits." *Chrislip et al.* v. *Teter et al,* 43 W. Va. 365.

It clearly appears that persons interested in the subject matter of the suit have not been made parties, and were not before the court, although that fact was brought to the attention of the court by the pleadings and proof. The court should have caused all proper parties to be made to the bill. Code, chapter 125, section 58. It is immaterial in what manner it is brought to the attention of this Court that the decree complained of was rendered, in the absence of proper parties, the decree will be reversed and the cause remanded in order that proper parties may be made. *Gallatin L. C. & O. Co.* v. *Davis et al.* 44 W. V. 109.

For the reasons stated, there is error in the decree of May 26, 1900. It must, therefore, be reversed and held for naught, the said demurrer to the bill sustained, and the cause remanded to the circuit court of Barbour County, with leave to the plaintiff to make any necessary additional parties thereto, and to have such other proceedings therein as the principles of equity may warrant.

*Reversed.*