<hr/>

# CHARLESTON.

BRYAN, TRUSTEE, *v.* McCANN AND OTHERS.

Submitted March 8, 1904—Decided March 22, 1904.

1.   TRUST.—*Bill to Enforce—Parties.*
    A trustee filed his bill and amended bill to remove an alleged

cloud upon the title to trust property; to ascertain and fix the amount of the trust debt, which is controverted by the debtors; and to obtain a decree to sell the property for the amount of the debt, when so ascertained and fixed. The court decreed a cancelation of the tax deed, alleged to be a cloud upon the title, ascertained and fixed the amount of the trust debt, and decreed that the trustee shall recover of the debtor the amount so ascertained and fixed by the court, and that, in default of payment, within the time prescribed, the trustee as special commissioner, shall sell the trust property. The administrator of the deceased trust creditor is not a party to the suit, although it appears therein that the trust creditor had died intestate, and that her administrator had been appointed and qualified as such before the institution of the suit. *Held*, That the decree is erroneous, because the same was made and entered in the absence of a necessary party, and because the recovery in the name of the trustee is unwarranted. (pp. 378, 379).

Appeal from Circuit Court, Cabell County.

Bill by T. J. Bryan against J. L. McCann and others. Decree for plaintiff and defendants appeal.

*Reversed.*

SIMMS & ENSLOW, for appellants.

VINSON & THOMPSON, and T. J. BRYAN, for appellee.

MILLER, JUDGE:

By deed of trust, executed by C. A. McCann, and S. C. McCann, his wife, bearing date on the 30th day of April, 1891, they conveyed to the plaintiff, T. J. Bryan, trustee, a certain house and lot then owned by said C. A. McCann, situate in Central City in the county of Cabell, to secure to Elizabeth A. Foster, the payment of the note of said C. A. McCann, for five hundred dollars, payable one year after its date at the Huntington National Bank, with interest thereon at the rate of six per centum per annum. The note was not paid at its maturity; but Mrs. Foster then took no steps to collect the same. Various payments thereon were made to her from time to time. After the execution of the deed of trust, the property was returned delinquent for the non-payment of the taxes thereon for the year 1898; and on the 11th day of January, 1900, the same. was sold by the sheriff, for said delinquent taxes, and was bought by J. L. McCann, a son of the grantors in the deed of

trust, who was then about twenty-three years of age, and in business for himself, although living with his parents. In the year 1900, Mrs. Foster died intestate, leaving surviving her, two brothers, W. H. Howe, and F. C. Howe. In December, 1900, W. H. Howe was appointed and qualified as her administrator, and, afterwards, the administrator, W. H. Howe, requested the trustee, T. J. Bryan, to sell the property under the deed of trust for said indebtedness, when it was discovered that the property had been returned delinquent for the non-payment of taxes thereon, and sold as aforesaid. Thereupon, at the January rules, 1901, for the circuit court of said county, the trustee filed his bill against said C. A. McCann, S. C. McCann and J. L. McCann, alleging that the principal of said note, with about one hundred and fifty dollars of the interest thereon was still due and unpaid, and praying that said tax deed be set aside and annulled, stating as a reason therefor, that the same had been irregularly and fraudulently procured and executed, and that it was a cloud upon the title of said property. The defendant, J. L. McCann, demurred to the bill, which demurrer being overruled, he filed his answer, in which he avers that he purchased said property at the tax sale, for the sum of $40.06; that after his said purchase, he paid the taxes charged and due upon said property for the years 1899 and 1900; and that the amount of said taxes so paid by him with the interest thereon then amounted to about $100.00, which sum said trustee should pay before he would be entitled to redeem said property. Respondent further says that said trustee did not pay or tender to him the said taxes paid by him as aforesaid, before the execution and delivery to him of said deed by the clerk of the county court; but that the trustee did pay to the clerk said $40.06 with interest thereon. Defendants, C. A. McCann and S. C. McCann, also filed their demurrer and answer to the bill in which answer they deny that they are indebted to said Elizabeth Foster in the sum of five hundred dollars, and interest thereon. Upon the contrary, they allege and charge that upon a true statement of the account between the parties, the said loan will be found to be fully paid off and satisfied, provided the interest thereon be charged only at the rate of six per centum per annum. They also deny all of the other allegations of the bill. Depositions for both plaintiff and defendants were

afterwards taken and filed in the cause, relating to the trust debt, the amount thereof, and to the tax deed to defendant, J. L. McCann.

After the depositions were all taken and filed as aforesaid, to-wit, on the 21st day of July, 1902, the plaintiff filed his amended bill in the cause against said C. A. McCann, S. C. McCann and J. L. McCann, but does not make the administrator or Mrs. Foster a party thereto. In the amended bill the plaintiff amplifies his averments in the original bill as to the five hundred dollar trust debt and says that said C. A. McCann made default in the payment of the note when it became due, but that Mrs. Foster took no steps to collect the same; that C. A. McCann paid the interest on it for several years; and that on the 30th day of October, 1899, C. A. McCann still being in default in the payment of the interest, a settlement was made between him and Mrs. Foster, concerning the interest due upon the said note, the principal never having been paid; when it was found that there was then due $133.70 of interest upon the debt, whereupon said C. A. McCann and S. A. McCann executed to Mrs. Foster their joint note for said $133.70, payable one year after its date with interest, which note was not paid at maturity but remains unpaid; and that said five hundred dollar note with its accrued interest is also unpaid. The death of Mrs. Foster, the appointment and qualification of said W. H. Howe as her administrator, the sale and purchase of said property for the delinquent taxes thereon, and the conveyance thereof to J. L. McCann, are all reiterated in the amended bill, with a prayer that the tax deed be cancelled, and that the property be sold to satisfy the plaintiff's demand as therein stated. The said J. L. McCann demurred to, and also answered, the amended bill, denying the several material allegations thereof. The defendants, C. A. McCann and S. C. McCann, not waiving their demurrer thereto, but insisting on the same, also filed their answer to said amended bill, in which they rely upon the allegations of their original answer; and also deny the averments of the amended bill.

On the 2d day of August, 1902, Annie B. Thompson and the Huntington National Bank filed their petition in said cause setting up a lien on the property of said C. A. McCann and S. C. McCann, described in the bill, and praying that they be made

parties to the cause, and that their lien be protected; thereupon they were made parties to the suit. On the same day, to-wit, on the 2d day of August, 1902, the cause came on to be heard, and was heard by the court, upon the process executed upon the defendants, the bill and exhibits therewith filed, said amended bill, the said answers of each of the defendants to the bill and amended bill with general replication to said answers, and upon the depositions taken and filed in the cause as aforesaid. Upon consideration thereof, it was adjudged, ordered and decreed that said tax deed was and is fraudulent and void; and was a cloud upon the jlaintiff's title to said property; and the said tax deed was then set aside and held for naught; and the court ascertained that there was then due from the defendants, C. A. McCann and S. C. McCann upon the debts in the plaintiff's bill set up, the sum of $737.71; it was further adjudged, ordered and decreed that the plaintiff should recover against said C. A. McCann and S. C. McCann said sum of $737.71, with interest thereon from that date until paid; and that he also recover from said C. A. McCann, and S. C. McCann and J. L. McCann, the costs of said suit by him expended. It was further decreed that, unless the defendants, or some of them, should, within twenty days thereafter pay the said sums decreed against them as aforesaid, then the plaintiff, T. J. Bryan, trustee, who was by said decree, appointed special commissioner, for the purpose, should sell said property for cash.       ,

From this decree, the defendants, C. A. McCann, S. C. Mc-Cann and J. L. McCann were allowed an appeal; and assign as grounds of error that the administrator of said Elizabeth A. Foster is not a party to said cause; and that the court erred in decreeing that said T. J. Bryan, trustee, was entitled as plaintiff to recover said debt from defendants.

A trustee may apply to a court of equity to remove impediments to a fair execution of his trust; to remove a cloud hanging over the title to the property conveyed to him in trust to secure the payment of a debt or debts; and to adjust accounts if necessary, in order to ascertain the actual debts which ought to be raised by the sale, or the amount of prior incumbrances. *Machir* v. *Sehon,* 14 W. Va. 777, 783; *Ambler, trustee,* v. *Leach et al,* 15 W. Va. 677; *Johnson* v. *Johnson,* 30 Ill. 215; *Rossett* v. *Fisher,* 11 Grat. 492. A trustee may under circumstances, in

order to remove a cloud upon the title to the realty conveyed to him in trust, file a bill in equity to set aside, and have declared void, a tax deed made under the provisions of the statute. *Burlew, trustee,* v. *Quarrier,* 16 W. Va. 108. Having taken jurisdiction to remove the alleged cloud upon the title of the property, the court in this cause should go on and ascertain the liens thereon with the amounts thereof, provided the proper parties are before the court upon sufficient pleadings for that purpose. When a court of equity takes jurisdiction of a cause for one purpose, it will go on and dispose of the questions involved to avoid a multiplicity of suits. *Watson* v. *Watson,* 45 W. Va. 290; *Robinson* v. *Braiden,* 44 W. Va. 183; *Chrislip* v. *Teter,* 43 W. Va. 356; *Hanly* v. *Watterson,* 39 W. Va. 214.

The notes of defendants, C. A. and S. C. McCann, to Mrs. Foster and the money due thereon, if any, belonged to the administrator, W. H. Howe, for the purposes of administration. The title of that and the other personal property to the intestate, vested in him, upon his appointment and qualification as her administrator, as aforesaid; and related back, after his qualification, to the instant of the death of his intestate. Schouler's Exrs. & Admrs, section 199; Woerner on Amer. Admi. pp. 385, 409, 411. Before and at the time of the institution of the suit W. H. Howe was in law the creditor as to the two notes executed by the McCanns to Mrs. Foster.

No principle of equity is more familiar or better settled than this: that all persons materially interested in the subject in controversy ought to be made parties in equity, and if they are not, the defect may be taken advantage of either by demurrer or by the court at the hearing. *Armentrout's Exrs.* v. *Gibbons,* 25 Grat. 371; *Burlew, trustee,* v. *Quarrier et al.,* 16 W. Va. 108; *Howard* v. *Stephenson,* 33 W. Va. 116; *Rexroad* v. *McQuain,* 24 W. Va. 32; *Hill* v. *Proctor,* 10 W. Va. 59.

One of the material questions raised and controverted by the pleadings, and upon which proof was taken and filed is the amount, if any, which is due the estate of Mrs. Foster, from C. A. and S. C. McCann, upon their notes to her, constituting a part of the assets of decedent's estate. Byran, trustee, the plaintiff, has no pecuniary or personal interst in the debt. He merely holds the legal title to the property conveyed to him in trust, by the trust deed, as security for the debt. As a general rule, a

trustee's authority over the trust property is defined and limited by the instrument creating the trust; and he should be guided strictly by its provisions. *Atkinson v. Beckett,* 34 W. Va. 584. He is the agent for both the creditor and debtor, in the debt for which the trust is given. It is the duty of the trustee to look to the rights and interests of the trust debtor, as well as to those of the trust creditor. He is bound to act impartially between them. *Rossett v. Fisher,* 11 Grat. 492; *Livey v. Winton,* 30 W. Va. 554; *Hartman v. Evans,* 38 W. Va. 669. Unless the trustee is authorized to do so, by the instrument conferring his authority, under which he acts, he cannot collect the trust funds, and give acquaintances or releases therefor. As trustee, he should not be a contesting litigant in the matter of which he is trustee, to contest with the creditor or debtor, the amount or validity of the trust debt; but in equity, he should always be a party as trustee. *Turk v. Skiles,* 38 W. Va. 404. There must be an administrator to represent it before an adjudication can be had in court concerning the personal property of an intestate decedent. 15 L. R. A. 491; *Smith v. Denny,* 37 Mo. 20; *Hays v. Hays,* 5 Munf. 418; *Weeks v. Jewett,* 45 N. H. 540.

The attempted adjudication of the amount due on the trust debt was between the trustee on the one side and the makers of the notes, C. A. and S. C. McCann, on the other side. The ascertainment and decree of the court thereon does not bind either the estate of Mrs. Foster, because her administrator was not a party thereto, or the debtors, because there was no issue between the administrator and themselves, concerning said debt, which is controverted by them in their answer. A sale under the decree complained of would not discharge the lien of the deed of trust on the property, because the creditor, the administrator of Mrs. Foster, was not a party to the suit, and not bound by the decree. The debtors and the owners of the property are entitled, on the payment of the debt, under the decree or otherwise, to have the lien of the deed of trust released. The purchaser is likewise entitled to take it free from the incumbrance. The trustee cannot legally release the trust deed. From what has been said, it follows that the court should have sustained the demurrers to both the original and amended bills for want of proper parties; and not having done so, it should have directed the necessary parties to be made at the hearing. It is immaterial in what manner it

is brought to the attention of this Court that the decree complained of wos rendered in the absence of proper parties, the decree will be reversed and the cause remanded in order that proper parties may be made. *Gallatin L. C. & O. Co.* v. *Davis et al,* D4 W. Va. 109; *Regar* v. *Gall,* 46 S. E. 147, (54 W. Va. 373.)

For the reasons stated, the decree complained of must be reversed, and the cause remanded to the circuit court of Cabell County for further proceedings to be had therein according to the views herein expressed, and, further, according to the rules and principles governing courts of equity.

*Reversed.*