# CHARLESTON.

SMITH'S ADMR. v. NELSON BROTHERS & CO.

Submitted January 12, 1911.    Decided October 24, 1911.

1.  PROCESS—*Amended Declaration—Necessity.*

    Where an amended declaration, not presenting a new cause of action, is filed by leave of the court, and remanded to rules, process thereon is unnecessary, and it may be regularly proceeded with by rule to plead, either to an office judgment, or an issue, without service of summons to answer the same.   (p. 551).

2.  JUDGMENT—*Amended Declaration—Necessity of Service—Removal from County.*

    The removal by defendants to a county other than that in which suit is brought, after service of process on them to answer the original declaration, and where they then resided, will not deprive the court of jurisdiction to proceed to judgment against them on such amended declaration, though served with new process, directed to and served on them by the sheriff of the county to which they have been removed, and their plea in abatement to such amended declaration should be rejected, or stricken out.   (p. 551).

Error to Circuit Court, Randolph County.

Action by Thaddeus Pritt, Sheriff etc., against R. L. Nelson and others, partners as Nelson Bros. & Co.   Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*W. H. Griffith,* and *Cunningham & Stallings,* for plaintiff in error.

MILLER, JUDGE:

In an action on the case, brought in Randolph county, for damages for breaking and entering the plaintiff's close, and cutting down and removing the growing timber, plaintiff had leave, in term, without objection by defendants, duly served with process on the original declaration, in the county where suit was brought, and appearance thereto by them, to file an amended declaration, and on the filing thereof the same was remanded to rules, as the order recited, "for process thereon".

After process on the original declaration was executed, and before process issued on the amended declaration, defendants removed from Randolph to Harrison county, and the process on the amended declaration, directed to the sheriff of that county, was executed upon them there.

On the return day of the writ on the amended declaration, defendants appeared at rules, and filed a plea in abatement, alleging that before and at the commencement of said action upon the amended declaration, and at the time of the issuance of the summons thereon, they were and continued to be residents of Harrison and not Randolph county, and that said process, directed to the sheriff of Harrison county, had been served upon them in that county, and not in the county of Randolph.

On the trial of said plea, and the motion of the plaintiff to strike out the same, the motion was overruled, and the further judgment of the court was, that the process on the amended declaration be quashed and that the plaintiff's action upon his amended declaration be and the same was dismissed. The present writ of error is to review that judgment for alleged errors therein.

Defendants below, defendants in error, have entered no appearance in this Court, and no brief or argument had been filed on their behalf. The amended declaration, which the plaintiff was permitted to file, is for identically the same cause of action pleaded in the original declaration, and no point seems to have been made in the court below, and none is made here, on that score.

The ruling question presented, therefore, is, was process on the amended declaration necessary to give the court below jurisdiction of the parties? We believe it to be the practice in some counties to award process on amended declarations, but whether this is necessary to maintain, or give jurisdiction of the parties, properly served with process on the original declaration, we do not find has ever been adjudicated in this state, but in Virginia and in other states it has.

Back in 1840, Judge Tucker, in *Couch* v. *Fretwell*, 10 Leigh, 578, said: "The judgment in this case is altogether irregular. The cause having been remanded to the rules, to enable the plaintiff to amend his declaration, ought to have been there regularly

proceeded in, upon the filing of the declaration, *by rule to plead,* &c., *to an office judgment or an .issue.* Parties indeed may amend their pleadings in court, where they are 'willing and consent to make up an issue there; but there can be no judgment by default for want of a plea, except at the rules." The judgment below was reversed and the case remanded, with direction to the court below to send it back to rules for proceedings there to be had in accordance with the directions given. There was no intimation that process on the amended declaration was necessary.

In *Norfolk & W. Ry. Co.* v. *Southerland,* 54 S. E. 465, a later Virginia case, it is distinctly decided that on remanding a cause to rules, and after the filing of an amended declaration it may be regularly proceeded 'with, by rule to plead, either to an office judgment or an issue, without the service of a summons to answer the amended declaration, and the court, at page 466, says: "The reasons in favor of the practice that new process is not necessary in such a case seem to us to be much stronger than those against it. The defendant is already a party to the action and in court. The object of the writ of summons is to apprise the defendant of the nature of the proceedings against him. *New River Min. Co.* v. *Painter,* 100 Va. 507, 509, 42 S. E. 300, and cases cited. Where he is in court and knows what the proceeding is, why should the plaintiff be put to the expense and delay of having new process issued and served upon the defendant to inform him of what he already knows? Again, if it be necessary to issue and serve process upon him to answer the amended declaration, it might frequently result in defeating the plaintiff's action entirely, because the defendant might be a non-resident of the state, upon whom such process could not be served; or he might be a resident of another county or city of the state upon whom process could not be executed, under the prohibition of section 3220 of the Code of 1904 that process against a defendant to answer any action brought under section 3215 of the Code of 1904 shall not be directed to an officer of another county or corporation than that wherein the action is brought, except in certain cases.

"The proper practice in such a case is, we think, for the plaintiff to file his amended declaration at the first rules after the order of the court remanding the case to rules, and then,

without new process, for the cause to be regularly proceeded in at rules in the manner provided by sections 3239 and 3240 of the Code of 1904. See *Couch* v. *Fretwell, supra; Alvis* v. *Johnson, supra;* 1 Rob. Pr. (old) 233; 4 Min. Inst. (3rd ed.) 684." Mr. Minor says, at the page cited by the Virginia Court: "Of this rule or order, (the rule or order to plead entered at rules) the defendant, in all actions, including ejectment, is bound to take notice, *as he is also of all that passes in court or at rules, after he has been once summoned."*

The rule in Virginia is the same in other jurisdictions. In 3 Am. & Eng. Enc. L. & P. 799, citing in notes many cases, it is said: "The rule seems to be well settled that where parties have once been brought under the jurisdiction of the court, they are there for all purposes, and amendments of the pleadings thereafter will not require a new service of process. This rule is especially applicable where the amendment is in effect merely formal in its nature and does not set up any new cause of action or work any substantial change in the cause of action already alleged. But it has been said that where the amendment touches a matter of substance, the court may order new process to be served."

Among the cases cited in the notes in 3 Enc. L. & P. is *Stevens* v. *Thompson,* 5 Kans. 305. The court in this case says, apropos to the case at bar: "The reissue and service of the summons can have no bearing on this question (the question whether Stevens was in default), for the summons had already performed its functions of bringing the parties before the court and it can serve no other purpose." Our statute like the Kansas statute permits amendments by plaintiff of his declaration or bill at any time before or after appearance by defendant, if substantial justice will be promoted thereby.

Section 12, chapter 125, Code 1906, is somewhat different from the statute of Virginia, at the time of *Couch* v. *Fretwell, supra,* and from the present statute of that state, covering the subject of amendments to pleadings, but so far as our statute relates to amendments allowed by the court in term, and of which a party must at all times take notice, it is not materially different. It differs from the statute of the old state in providing that "The plaintiff may also at any time before or after the appearance of the defendant, in the vacation of the court wherein

the suit is pending, ~~the~~ ~~in~~ the clerk's office, with the other papers in the cause, an amended declaration or bill, supplemental bill, or bill of revivor; 'whereupon the clerk shall issue a summons against the defendant, requiring him to plead to, or answer such amended declaration or bill." Clearly this provision was intended to cover amendments made in the vacation of the court, without the previous leave of the court, and of which a party would not be presumed to have notice. Another statute, section 8, chapter 131, Code 1906, permits amendments even at the trial, for variance between the evidence and allegations or recitals, and the practice in such cases is, where substantial justice will be promoted thereby, to permit such amendments, without continuance, or intermission in the trial, unless such continuance is thereby rendered necessary.

The judgment below will be reversed, and the case remanded to the circuit court, with directions to re-instate the same on the docket, to strike out defendants plea in abatement to the amended declaration, and to be further proceeded with, in accordance with the directions given, and further according to rules governing courts of law.

*Reversed and Remanded.*