# CHARLESTON.

## STATE V. COWGER.

Submitted January 8, 1919.   Decided January 14, 1919.

1. BREACH OF PEACE—*Warrant—Complainant.*

   A peace warrant alleging no facts or circumstances from which the justice, or the court on appeal, can determine whether the fear of the complainant is well founded, should be quashed. (p. 154).

2. SAME—*Review—Moot Question.*

   The validity of a warrant on which a defendant has been required to give bond to keep the peace for a period of six months, being certified to this court under the provisions of Sec. 1, Ch. 135, Barnes' Code of West Virginia, does not become a moot question because the period covered by the bond expires before the question can be decided by this court.   (p. 155).

Certified questions from Circuit Court, Webster County.

Hyson H. Cowger was arrested on a peace warrant issued by a justice of the peace and required to give bond to keep the peace, and after giving the bond, he appealed to the circuit court, and moved to quash the warrant.   Motion overruled and validity of warrant certified.

*Order overruling the motion to quash reversed and cause remanded.*

*J. M. Hoover* and *W. S. Wysong,* for the State.

*W. T. Talbott,* for defendant.

WILLIAMS, JUDGE:

Defendant was arrested on a peace warrant issued by a justice of the peace and required to give bond to keep the peace for a period of six months from the 9th of July, 1918. He gave the bond and appealed to the circuit court, and then moved to quash the warrant on the ground that it failed to show any facts or circumstances from which the justice could determine that defendant intended to commit an offence. The court overruled his motion and certified the question of the validity of the warrant to this court for its determination.

The warrant sets forth the following complaint made before the justice:

"Whereas, S. S. Degarmo has this day made complaint and information on oath before me, H. F. Hines, a Justice of said county, that there is good cause to fear that Hyson H. Cowger within the county and state aforesaid, intends to commit an offence against the person and property of another, to-wit: the person and property of S. S. Degarmo and against the person and property of Ina F. Degarmo." Then follows the warrant commanding that the defendant be arrested and brought before the justice to answer the complaint.

This proceeding is had under chapter 153 of the Code of West Virginia, designed for the prevention of crime. Section 2 of that chapter reads as follows:

"If complaint be made to any justice, that there is good cause to fear that a person intends to commit an offence against the person or property of another, he shall examine on oath the complainant and any witnesses who may be produced, reduce the complaint to writing and cause it to be signed by the complainant."

Although the statute does not prescribe any form for such complaint, it should, nevertheless, state sufficient facts or circumstances to enable the justice to determine whether or not complainant had any reason to fear that some particular offence is about to be committed; it is not enough to say that he fears an "offence" will be committed. That is a mere conclusion. The facts and circumstances on which his apprehension is based should be stated in order that the justice may see whether or not the fear is justified, and whether or not the design of the defendant, if carried into execution, would constitute an offence in law. It is the common right of everyone, against whom complaint is made, to be fully apprised of the matter with which he is charged in order that he may prepare to combat the charges and make his defence. If he is not informed of the charges how can he be prepared to meet them? That he should thus be fully informed is clearly indicated by the language of the statute. It requires the justice to examine the complain-

ant and his witnesses on oath, reduce the complaint to writing and have it signed by the complainant. Section 3 then requires him, "if it appear proper," to issue his warrant, reciting therein the complaint, evidently for the purpose of informing the defendant of the matter with which he is charged.

"The warrant should show that some threat was made, or should state circumstances from which the court can determine whether or not the fear expressed is well founded." 5 Cyc. 1031. *Bradstreet* v. *Ferguson,* 233 Wend. (N. Y.) 638.

"A peace warrant in which is alleged no threat, fact or circumstance from which the court can determine whether the fear of the prosecutor is well founded, should be quashed." *State* v. *Goram,* 83 N. C. 664, citing *State* v. *Cooley,* 78 N. C. 538. See also *State* v. *Coughlin,* 19 Kan. 537.

Having given a bond to keep the peace for a period of six months and that time having expired on the 10th of January, 1919, the attorney for the State makes the point that the question presented to this court is now moot. We do not think so, for the reason that, on appeal from a justice, the court is authorized by Section 6 of said chapter either to dismiss the complaint or affirm the judgment of the justice and make such order as it sees fit as to the costs; or the court may require the appellant to give a new recognizance, if it sees fit. The court has the power to require the appellant to enter into a new recognizance for an extended period. He is, therefore, vitally interested in having the question of the validity of the warrant passed on by this court.

The order, overruling defendant's motion to quash the warrant, will be reversed and the cause remanded.

*Order overruling the motion to quash reversed and cause remanded.*