# CHARLESTON.

## STATE *v.* J. H. MOYER.

Submitted September 22, 1920.　　Decided October 5, 1920.

BREACH OF THE PEACE—*Complaint and Peace Warrant Held Insufficient.*

If a complaint upon which a peace warrant has issued and which is recited in the warrant charges nothing more, by way of specification of grounds for the proceeding, than that the

87 W. Va.

accused had made threats against the complainant, the nature of which is not indicated, and that the latter had good cause to fear an intended offense against his person at the hands of the former, the complaint and warrant are insufficient and a motion to quash the warrant ought to be sustained.

(WILLIAMS, PRESIDENT, absent.)

Case Certified from Circuit Court, Mineral County.

Proceeding on a complaint and peace warrant by the State of West Virginia against J. H. Moyer. A motion to quash the peace warrant, brought up from a justice's court on appeal, was ovrruled by the circuit court, and its decision was certified.

*Reversed, and warrant quashed.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

*H. G. Fisher,* for defendant.

POFFENBARGER, JUDGE:

Having overruled a motion to quash a peace warrant brought up from a justice's court on an appeal, the judge of the Circuit Court of Mineral County has certified his decision thereon to ; court for review.

The complaint and warrant differ from those passed upon in *State* v. *Cowger,* 83 W. Va. 153, in only one respect. This complaint avers that the accused had made threats against the complainant. The word "threat" is very broad and indefinite. It includes almost any kind of an expression of intention of one person to do an act against another. Ordinarily, it signifies intention to do some sort of harm, but the realm of injury is equally broad and undefined. All wrongs are not criminal offenses. If such a complaint as this can be filed and made the basis of an arrest, any citizen may be apprehended and put upon trial for a threat of a kind and nature that does not indicate any purpose to do serious harm either to a person or to property. To warrant an arrest, the pleading ought to be sufficiently definite and certain to enable the court to see that an offense is positively charged, as well as to inform the accused of its nature.

In *State* v. *Cowger, supra,* it was held that a complaint should set forth the facts and circumstances on which the apprehension

is based, to the end that the justice may see whether or not the fear is justified, and whether or not the design of the defendant, if carried into execution, would constitute an offense in law. The charges of a mere threat against the person of the complainant, without indication of the nature of the threat, obviously does not measure up to these requirements.

We are of the opinion that the Circuit Court should have sustained the motion and quashed the warrant. An order will be entered certifying this conclusion.

*Reversed, and warrant quashed.*