# CHARLESTON.

W H. CARTER v. GEORGE B. MONTEITH *et als.*

Submitted September 7, 1921.    Decided September 13, 1921.

APPEAL AND ERROR—*Interlocutory Decision Based in Part on Return of Process and in Part on Bill, Not Reviewable Upon Certificate.*

> An interlocutory decision upon a motion in a chancery cause, based in part upon the return on the process and in part upon the bill and not solely upon either the process, the return or any pleading, is not reviewable upon a certificate.

Case Certified from Circuit Court, Tyler County.

Suit by W. H. Carter against George B. Monteith and others. Motion of named defendant to dismiss was overruled, demurrers of certain defendants for misjoinder were sustained, and suit dismissed as to them and the case certified.

*Dismissed.*

*Olin C. Carter* and *Hogg & Hogg,* for plaintiff.
*Underwood & Moore,* for defendant.

POFFENBARGER, JUDGE:

A preliminary inquiry arising upon this certificate is that of the remedy invoked for relief from the alleged error, the overruling of a motion to dismiss a suit brought to subject the real estate of a decedent to the payment of his general debts, on the theory of insufficiency of the personal estate.

The summons issued is regular and the bill, considered independently of the state of facts disclosed by it and the process, discloses the usual case of indebtedness, insufficiency of personal property and the existence of real assets within the county in which the cause of action arose and in which the suit was brought.

Lack of service of the process upon the administrator and the heir, both being the same person, due to his residence outside of the state, is the circumstance from which the question of jurisdiction emanates. There was a return of no in-

habitant as to him, an affidavit of his non-residence and a matured order of publication as to him. He entered a special appearance and moved to dismiss the suit. His motion having been overruled, he made no further appearance.

Demurrers interposed by other parties, on the ground of misjoinder because of lack of interest in the cause, on their part, were sustained and the suit dismissed as to them. Of the rulings upon the demurrers, there seems to be no complaint. The questions certified all pertain to jurisdiction respecting the administrator and heir and the estate, the person of the principal defendant and the subject matter, not any of the parties as to whom the cause has been dismissed. The inquiries propounded are, in substance; (1) whether execution of process, personal or substituted, upon the administrator and heir, is essential to jurisdiction; (2) whether there must be either personal service upon him or a lien upon the land, to confer jurisdiction; and (3) whether the suit abated as to him, upon the return of no inhabitant and the filing of the affidavit of non-residence. The decree by which the motion and demurrers were disposed of recites the raising of a question as to the sufficiency of the bill on its face; but, obviously, that is not the subject matter of the doubt in the mind of the court. No defect in it is pointed out, nor is any perceived.

Manifestly none of the other questions, those actually and formally certified, arise or depend solely upon either the process or the bill. Arising upon both, they are all clearly composite. Nowhere in the bill is the non-residence of the principal defendant disclosed in any way. It is shown only by the return and the affidavit, and neither of these instruments reveals the cause of action. It is useless here to repeat the demonstration, set forth in *Tyler* v. *Wetzel*, 85 W. Va. 378, of lack of jurisdiction in this court, to review the order disposing of the motion. The question certified in that case and in this cannot be differentiated in principle. In all substantial respects, they are identical.

An order will be entered here declining to review the de-

cision upon the three questions certified, for lack of juris-
diction, and certified to the court below.

                                                    *Dismissed.*