STATE OF WEST VIRGINIA *v.* A. R. KELLY & COMPANY, *Inc., et al.*

(CC 691)

Submitted January 10, 1945.  Decided February 13, 1945.

*Ira J. Partlow,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *W. H. Belcher,* for plaintiff.

*Hogsett & St. Clair, John E. Jenkins, Hill, Thomas, Neff & Morris* and *Clark, Woodroe & Butts,* for defendants.

RILEY, JUDGE:

The State of West Virginia brought its suit in equity in the Circuit Court of Kanawha County against A. R. Kelly & Company, Inc., First Finance & Trust Company, a corporation, and other corporations, under Code, 11-12-77, as amended, to recover, in so far as First Finance & Trust Company is concerned, a decretal judgment for corporate license taxes due from the last-named defendant for the fiscal year beginning July 1, 1939, and to forfeit defendant's charter rights and franchises, if the judgment is not paid. The circuit court sustained the demurrer of Dave Gideon, one of the trust company's creditors and stockholders, to the plea in abatement filed by George S. Wallace, a stockholder, to an amended and supplemental bill of complaint, overruled a demurrer to the answer and cross bill of said Wallace and, on its own motion, certified its rulings here.

In 1934 the State of West Virginia brought a similar suit against A. & H. Stores Company, First Finance & Trust Company and other corporations, in which, on July 16, 1934, a decretal judgment in the amount of $205.20, representing corporate taxes beginning July 1, 1933, was

entered against the trust company, its charter declared forfeited, and a special receiver appointed to convert its assets into cash and wind up its business. This decree was neither modified nor set aside at the term of court at which it was entered. On September 16, 1936, Richmond Mortgage and Loan Company, a judgment creditor of First Finance & Trust Company, intervened as a party. On April 1, 1938, the court entered a decree filing the report of William T. Lively, special receiver, setting forth the tender of $411.67 to the State of West Virginia in payment of license taxes, commissions, fees and costs of the receivership, of which amount the sum of $380.00 was paid to the state auditor in a purported full settlement with the board of public works of the license taxes to and including the license tax year beginning July 1, 1937. This decree purportedly set aside the forfeiture of the trust company's charter, dismissed the State of West Virginia as a party plaintiff and substituted as plaintiff therein the intervening petitioner, Richmond Mortgage and Loan Company, in so far as the trust company is concerned, and referred the cause to C. Beverley Broun, a commissioner in chancery. On May 23, 1939, the special receiver was discharged and released from liability on his bond.

In 1940 the instant suit was brought, in which a decretal judgment in the amount of $209.00 and costs was entered against the defendant trust company, its charter rights and franchises declared forfeited, and a special receiver appointed for the purpose of converting the property and assets of the defendant corporations into cash and winding up the business of each.

On March 16, 1942, George S. Wallace was made a party to the suit, and his petition, previously tendered, was ordered filed. This alleged, among other things, mismanagement in the affairs of the trust company, and in particular the actions of Dave Gideon in relation thereto, and prayed for discovery in answer to certain interrogatories; that reference be made to a special commissioner; that the petition be considered as an original bill as against certain named persons prayed to be made defendants, in-

cluding First Finance & Trust Company; and that petitioner be made a party to this suit. The circuit court sustained the demurrer of Gideon to the foregoing petition; and, on June 23, 1942, the court sustained Gideon's demurrer to an amended petition of like import filed by Wallace, and decreed that the amended petition be treated as a request for a receiver to investigate the matters contained therein. On July 18, 1942, the State of West Virginia filed an amended and supplemental bill making the stockholders of the trust company parties defendant, and remanded the cause to rules for process against Wallace, Gideon and other stockholders of the trust company. Process was issued on this amended and supplemental bill against the parties named in the prayer thereof, as being necessary parties (First Finance & Trust Company not being included), returnable to August Rules, 1942, at which rules Wallace filed a plea in abatement, alleging that because the decree of July 16, 1934, in which the charter rights and franchises of the trust company were declared forfeited, was not set aside during the term at which it was entered, it became final, and that the trust company was not at any time after said date again chartered or reinvested with corporate powers, rights and franchises, and therefore it was not a corporation, owed no license taxes, and the circuit court had no jurisdiction of it. The circuit court sustained a demurrer to this plea in abatement. Wallace then filed an answer and cross bill, in which he denied the trust company was a corporation when this suit was instituted, that it was liable to the State for any license taxes whatsoever and that it was subject to suit under Code, 11-12-77, and alleged negligence, mismanagement, concealment of assets and funds, and prayed for discovery by Dave Gideon and Sol Birke, another stockholder, in response to certain interrogatories contained in the answer and cross bill; that the answer and cross bill be referred to a special commissioner with direction to make diligent inquiry as to all the assets of said trust company on June 30, 1934, and all subsequent receipts and disbursements of said corporation, and what disposition has been

made of all its property since that date; that all the prop-
erty and assets of the corporation be ascertained, all fraud-
ulent conveyances and transfers of its property and assets
set aside and said property and assets recovered; and that
. decretal judgments be entered against Dave Gideon, Sol
Birke, Blanche Gideon and Daisy C. Birke, stockholders,
for the amount and value of money, property and assets
of the corporation that may have been misappropriated by
them, individually or collectively. The court overruled
Gideon's demurrer to this answer and cross bill, and certi-
fied to this Court its rulings on the demurrers to the plea
·in abatement and the answer and cross bill.

The five questions certified to this Court concern only:
(1) the power of the circuit court in the 1934 suit to set
aside the decree of July 16, 1934, forfeiting the trust com-
pany's charter; (2) the trust company's liability for the
corporate taxes involved in this suit; (3) the circuit court's
jurisdiction in this suit to appoint a receiver for said trust
company; (4) the court's ruling on the demurrer to Wal-
lace's plea in abatement denying that the trust company
had a corporate status after the decree of July 16, 1934;
and (5) whether the circuit court had jurisdiction to con-
sider the allegations of negligence, mismanagement, con-
cealment of assets and fraud in Wallace's answer and cross
bill, and grant the relief prayed for therein or any part
thereof.

After this case was submitted and argued at the Sep-
tember term of this Court, the Court, *ex mero motu* set
the case on the argument docket of the January, 1945,
term for re-argument, limited to the effect of Chapter 119,
Acts of West Virginia Legislature, 1939, on Code, 11-12, as
amended, and the constitutionality of said Chapter 119,
and in particular Sections 86 and 87 thereof. The title of
the act involved reads:

> "AN ACT repealing article twelve, chapter
> eleven of the code of West Virginia, one thousand
> nine hundred thirty-one, as amended, and chap-
> ter eighty-seven, acts of the Legislature, second
> extraordinary session, one thousand nine hundred

thirty-three; and enacting in lieu thereof a new article twelve, chapter eleven, providing for and requiring state licenses to engage in or prosecute certain businesses, activities, trades or employments; and repealing all acts or parts of acts inconsistent therewith."

It is to be noted that the title purports to repeal Code, 11-12, as amended, and to enact in lieu thereof a new Article 12, Chapter 11 of the Code, "providing for and requiring state licenses to engage in or prosecute certain businesses, activities, trades or employments * * *". The question which prompted this Court to set the case for further argument was whether the title of Chapter 119 is sufficiently broad to carry Sections 86 and 87 thereof, providing for a suit in equity for the purpose of enforcing the payment of corporate taxes. In the case of *Ebbert* v. *Tucker,* 123 W. Va. 385, 15 S. E. 2d 583, this Court held that the title of an act purporting to amend a section of an act of the Legislature simply by reference to the section and chapter is sufficient, and in *Laing* v. *Fox,* 115 W. Va. 272, 175 S. E. 354, this Court held sufficient the title of Chapter 33, Acts West Virginia Legislature, 1st Ex. Session, 1933, the pertinent portion of which states the purpose of the act to be the raising of additional public revenue by amending and reenacting a specific article of the Code, relating to business and occupational taxes, by repealing seventeen sections (the entire article) and enacting and reenacting Sections 1 through 23, inclusive. The purpose of West Virginia Constitution, Article VI, Section 30, is to prevent the enactment into law of matters which the Legislature does not know are incorporated in a proposed act, and which would not be brought to its attention by a reading of the title thereto. If the title to an act of the Legislature is sufficiently clear and full so as not to mislead the legislators, it conforms to the requirements of Article VI, Section 30 of the Constitution. It is to be noted that the enforcement provisions contained in Sections 86 and 87 of Chapter 119, Acts West Virginia Legislature, 1939, are almost identical with those of Article 12, Chapter

11 of the 1931 Code. The enforcement of a license tax is so germane to the requirement of the tax that it may be treated as "incidental or auxiliary" thereto within the meaning of *Casto* v. *Board,* 94 W. Va. 513, 520, 119 S. E. 470. The title, we think, is sufficient to satisfy the requirements of Article VI, Section 30 of the Constitution.

The cardinal question presented by this record is jurisdictional. In *Nicholas Land Company* v. *Crowder,* 127 W. Va. 216, 32 S. E. 2d 563, this court held *inter alia* that in a suit under Code, 11-12, brought by the State of West Virginia to enforce payment of corporation license taxes, service of process accepted by the state auditor is void. The Court based its holding upon the incompatible positions held by the auditor as the officer charged with the collection of corporate license taxes, and his representative capacity in the acceptance of service of process commencing a suit to recover such taxes. The process on First Finance & Trust Company and the auditor's acceptance thereof are not among the certified papers, but the record clearly discloses that process on the defendant corporations herein was accepted by Edgar B. Sims, state auditor. The decree entered on May 13, 1940, in the instant case provides for decretal judgments against the defendant corporations; the forfeiture and annulment of their charter rights and franchises; and appoints a receiver for them. This decree contains the recital:

> "This cause, regularly matured at Rules, by process accepted on behalf of the defendant corporations by Edgar B. Sims, the duly elected, qualified and acting Auditor of the State of West Virginia, and as such statutory attorney in fact for and on behalf of every stock corporation created by virtue of the laws of this State and of every foreign corporation qualified to do business in this State, with authority to accept service of process on behalf of every such corporation, * * *."

Under the decision in the *Nicholas Land Company* case, there being a void acceptance of process by the state auditor, and no general appearance by First Finance & Trust

Company, the decree of May 13, 1940, and all others entered in this suit are null and void so far as they purport to affect the rights and liabilities of the trust company and its creditors and stockholders. The fact that the amended bill of complaint was remanded to rules for the service of process did not cure the jurisdictional defect, because process was not issued on the amended bill as to the trust company, nor was such process necessary, if there had been a valid service of process in the first instance or a general appearance. *Phelps* v. *Smith*, 16 W. Va. 522; *Smith's Admr.* v. *Nelson Bros. & Co.*, 69 W. Va. 550, 72 S. E. 646. Nor did the circuit court obtain jurisdiction of the trust company by reason of the fact that process was prayed for as against it in the original petition filed by Wallace for the reason that Wallace's right to intervene was necessarily predicated upon his rights as a stockholder of the trust company which are derivative only. He is simply an alleged stockholder of the corporation which never became a party to this suit. Moreover, a demurrer was sustained to the petition, and the record does not disclose that the trust company was served with or accepted process.

This Court in the first instance *ex mero motu* will take cognizance that decrees were entered in the absence of necessary parties. *McIlwaine, Knight & Co.* v. *Fielder*, 76 W. Va. 111, 85 S. E. 548; *Gallatin Land, Coal & Oil Co.* v. *Davis*, 44 W. Va. 109, 28 S. E. 747; *Reger* v. *Gall*, 54 W. Va. 373, 46 S. E. 147. It follows that we have properly before us for consideration the third of the certified questions, that is, whether the court had jurisdiction in this suit to appoint a receiver for First Finance & Trust Company. It had not for the reasons heretofore stated. As the other certified questions would properly arise only in the event that the trust company had been a party to the suit, these questions are moot and this Court will not consider them. *State* v. *Carter*, 63 W. Va. 684, pt. 1 syl., 60 S. E. 873; *Barbee* v. *Howard*, 66 W. Va. 631, 633, 66 S. E. 1002; *State* v. *Jones*, 81 W. Va. 182, 94 S. E. 120. The rule, in our opinion, applies to a certified case. In *State* v. *Cowger*,

83 W. Va. 153, pt. 2 syl., 98 S. E. 71, this Court inferentially so held.

The decree in the 1934 suit of State of West Virginia against A. & H. Stores Company, forfeiting the charter of First Finance & Trust Company and the other defendant corporations, contains the same recital as to the acceptance of service by the state auditor that is found in the instant case. As the record in the former suit became a part of this record upon pleadings filed by George S. Wallace, whose status as a proper party in this suit was dependent upon the circuit court's having jurisdiction of First Finance & Trust Company, we moot, because we cannot consider, the effect of the acceptance of service by the auditor in the former suit.

We, therefore, reverse the ruling of the circuit court.

*Ruling reversed.*

KENNA, JUDGE, dissenting:

I believe that the majority has exceeded the limited jurisdiction of this Court in cases certified by undertaking, of its own motion, to decide a vital question concerning which the Circuit Court did not inquire, and concerning which the controlling part of the record of the court below is not before this Court. The point of decision in the majority opinion turns upon a recital regarding the service of process to be found in the decree of May 13, 1940, in spite of the fact that the summons and return are a part of the record below. The recital is nothing more than *prima facie* evidence of its content and must be "considered as referring to the manner of service shown by the return on the process, * * *" which is controlling. *Jones* v. *Crim & Peck*, (Pt. 5 syl.) 66 W. Va. 301, 305, 66 S. E. 367.

The practice in certified cases established by the rules of this Court is, following the provisions of Code, 58-5-2, that no question shall be certified until after the decision thereof by the trial court (Rule 4, 114 W. Va. LXVIII) and that the Clerk of the Circuit Court shall prepare a tran-

script "of so much of the record as is necessary for a determination of the questions certified." (Rule 6.) Therefore, if this Court sees fit to decide different questions there is no way that it can know that the part of the record on which those questions rest is before it in its entirety. That part of the record that relates to other questions not certified, however essential, need not be included in the transcript. It will be seen that the rules of this Court conform to its holdings that its jurisdiction in certified matters is restricted to the questions certified. Plainly, to my mind, the result is that we cannot go beyond the record before us by exploring and discovering a point of decision outside the questions certified. If we do we are intentionally dealing with questions not briefed, argued nor submitted. Of course, this Court may enlarge its comments by way of *obiter dictum*. The fact that the question held controlling by this Court is certifiable is no answer. The Circuit Court and the parties failed to act upon its certification, hence there is no jurisdiction here.

Our statute authorizing the Circuit Court to certify questions to this Court covers questions arising upon the sufficiency of a summons or return of service or the sufficiency of a pleading, requires an unequivocal decision on the part of the certifying chancellor or judge, and the holding in abeyance of the execution of the findings until the opinion of this Court is ascertained. A certification is accompanied by only that part of the record in the trial court which relates to the questions certified. In theory there is no way that this Court may know, if the statute is fully complied with, whether there is before it enough of the record below to properly present questions other than those certified.

This Court has definitely held that as an indispensable preliminary to certifying questions to this Court the Circuit Court must not only consider, but must definitely pass upon, the questions certified, not in the alternate, but directly. *Raleigh County Court* v. *Cottle*, 82 W. Va. 743, 747, 97 S. E. 292; *Carter* v. *Monteith*, 89 W. Va. 35, 108 S. E. 420. Certification is a proceeding that is intended

to shorten litigation and therefore should be handled with all of the dispatch consistent with sound judgment. It is perfectly clear to my mind that this Court should not, of its own motion, examine what it may think is the entire record, and base its conclusion and disposition of the certification upon a matter of law that the trial judge, who is thoroughly familiar with the record in detail, has expressed no doubt nor trouble concerning.

The question that the majority believes this case certified turns on is jurisdictional, and upon appeal or writ of error, if a lack of jurisdiction of either the subject matter or the parties is plainly disclosed by the record, this Court will, of its own motion, whether or not the question is assigned or briefed, pass upon it. I am firmly convinced, however, that the same principle does not apply to certified cases, but that with them the jurisdictional question is exactly the other way: if not certified, this Court lacks jurisdiction to decide. Of course I realize that if a vital jurisdictional question appears within that part of the record before this Court, it would not be improper for this Court to call attention to that fact by comment in its opinion, thus seeking to prevent the parties and the court below from spending time and effort uselessly. I do not believe, however, that that condition justifies this Court in dealing with the certified questions by ignoring completely the matters of law that were troubling the circuit judge and following a tangent to reach a question with which neither the litigants nor the court were troubled, and in that way making a totally strange question the only point of decision in this Court.

I have examined the citations in the majority opinion, and find that the cases cited to illustrate the custom of this Court to decide jurisdictional questions that appear of record on its own motion are not cases certified. In *State* v. *Cowger,* 83 W. Va. 153, 98 S. E. 71, this Court did not consider the effect of a certified question becoming moot, but held that it was not there concerned with a question which had become moot.

Being of the opinion that the majority has answered

none of the certified questions, including the right of the Circuit Court to appoint a receiver, as they involve the points raised in the Circuit Court, I am stating no conclusions as to them.

I do not approve of what I regard as a dangerous expansion of this Court's jurisdiction in cases certified.