# CHARLESTON.

## POTEET v. IMBODEN, EX'OR. *et als.*

Submitted January 14, 1914. Decided January 27, 1914.

ACCOUNT—*Parties—Objection—Demurrer.*

> In a suit by an assignee for an accounting of certain coal royalties, a part of the personal estate devised to the assignor and widow for life, subject to debts, with remainder in equal proportion to plaintiff, a son, and another son, named also as executors of the will, with power given them to manage and control said personal estate, the remaindermen in their individual rights and as executors of said will are necessary parties to such suit, and because of their absence the bill is fatally defective on demurrer.

Appeal from Circuit Court, Fayette County.

Suit by L. E. Poteet against G. W. Imboden and others. From decree for plaintiff, defendants appeal.

*Decree Reversed, Demurrer Sustained, Cause Remanded.*

*Dillon & Nuckolls,* for appellants.

*Maynard F. Stiles,* for appellee.

MILLER, PRESIDENT:

The bill is for an accounting by the executors of Harvey for certain coal royalties in which plaintiff claims a one-fourth interest, and for an injunction restraining said executors from instituting or prosecuting any suit or suits against him for the collection of certain of his notes held by said estate, and also from transferring said notes, and certain notes of other persons also owned by said estate, and for general relief, and for the appointment of a special receiver.

As a basis for the relief prayed for it is alleged that plaintiff is owner and holder by assignment from his mother, Francis J. Pegram, (formerly Poteet), on October 15, 1910, of all her rights to the personal estate devised to her by the will of his father, the late John Poteet, deceased, which will it is alleged provided as follows: ''I give, devise and bequeath to my beloved wife, Francis J. Poteet, during her natural life, all my personal property, consisting of all stock, household and kitchen furniture, bonds, notes, money and other personality of whatever description I may die seized after the payment of my debts and funeral expenses to be used, held and enjoyed by her during her life, and at her death, the remainder to be divided equally between my sons, George A. Poteet and Lucien E. Poteet;'' and thereby he also provided: ''And I do nominate and appoint my two sons, Geo. A. Poteet and Lucien E. Poteet, to be my executors of this my last will and testament, empowering and directing them to sell and convey the lands devised to be sold and to manage and control the personal estate herein demised to my wife, Francis J. Poteet.''

Among the personal assets of said testator, and covered by said devise and claimed by plaintiff by said assignment, and whose rights thereunder are sought to be enforced by him against the executors of said Harvey, is the following contract:

''Article of Agreement. Made and entered into this 25 day of August, A. D. 1893, between Morris Harvey, party of the

first part, and John Poteet, party of the second part, all of the county of Fayette, State of West Virginia.

"Witnesseth: That Whereas, in the Original contract of purchase by the said Harvey of the said John Poteet's half interest in the minerals and coal of the two hundred acres tract purchased by the said Harvey from John and George Poteet, it was understood and agreed that the said John Poteet was to have a one-fourth interest in the coal royalty received by said Harvey when the coal was mined, and whereas the said Harvey has executed a deed of lease to the Harvey Coal and Coke Company, of the said land,

"Now, Therefore, this Contract further Witnesseth: That for and in consideration of Five Dollars, cash in hand, paid the receipt of which is hereby acknowledged by the said Harvey, the said Morris Harvey hereby agrees and binds himself to pay to the said John Poteet, the one-fourth of all royalty received by him from the said 'Harvey Coal and Coke Company', for coal mined and paid for by said company for coal mined from the said Two Hundred acres of land as aforesaid.

"Witness the following signatures and seals, signed in duplicate:          Morris Harvey.     (Seal)
                            John Poteet.       (Seal)."

Harvey's executors, defendants, demurred to the bill, among other grounds, for want of parties. G. W. Imboden and Rosa M. Harvey, executors, and E. T. Crawford and W. L. Ashby, partners as Crawford & Ashby, are the only persons made defendants to the bill.

That L. E. Poteet and George A. Poteet, executors of the last will and testament of John Poteet, deceased, and George A. Poteet, in his individual right, are necessary parties we think is too plain for controversy. Francis J. Poteet, now Francis J. Pegram, could pass nothing by assignment to L. E. Poteet, except what she took under the will. As to the personal estate that was a life estate only, subject to debts, and with the provision that his executors should manage and control that estate. The testator's sons, also his executors named in his will, thereby took a vested estate in remainder in the personal property. How then can it be said that George A. Poteet is not interested, or so remotely interested as to be

unaffected by any decree that might be pronounced in the cause? The life estate of the widow may at any moment be terminated by her death; in which event he will be entitled to share equally with L. E. Poteet in any recovery had as devisee and remainderman. And are not the executors of John Poteet also necessary parties? By the terms of the will they have the management and control of all the personal estate so devised to the widow. As executors, therefore, they are interested, and without their presence in their representative capacity the court could make no decree binding them.

In equity the rule so many times declared is, that all persons materially interested, either legally or beneficially, in the subject matter involved in the suit, who are to be affected by the proceedings and result of the suit, should be made parties thereto, either as plaintiffs or defendants, so that the decree therein shall bind all, and that full justice may be done in one suit. See the many decisions cited in 10 Enc. Dig. Va. & W. Va. Rep., page 736.

The want of such necessary and proper parties is a defect which may be taken advantage of on demurrer. *Bryan* v. *McCann,* 55 W. Va. 372.

For this want of parties we are of opinion to reverse the decree below, and without passing upon any other question, to sustain the demurrer for want of parties, and to reverse the cause, with leave to plaintiff to amend his bill if he should be so advised, and for further proceedings according to the rules and principles governing courts of equity.

*Decree Reversed, Demurrer Sustained, Cause Remanded.*