(No. 7193)

Submitted May 3, 1932.   Decided May 17, 1932.

*Campbell & McClintic,* for appellant.
*A. J. Horan,* for appellee.

LITZ, JUDGE:

This is a suit by a vendee of real estate to cancel the contract of sale and recover from the vendor payments on the purchase price.   From a decree granting the relief prayed, defendant has appealed. .

Piatt Development Company, a corporation, sub-divided a tract of land (in Kanawha county) into lots, streets and alleys as Piatt Addition to the town of Belle.   June 21, 1929, its agent, W. L. Parkins, by written contract, sold to plaintiff, lot E in block G of said town addition for the sum of $1750.00, of which $150.00 was paid and the balance to be paid in monthly installments of $25.00 each.   The contract provided that if the lot had already been sold the company might, at its election, "substitute therefor the nearest unsold lot of equivalent value", and that it would in due time after "this sale has been reported to its office and accepted" deliver a contract "like the one this agent has shown me (Reed), which contract embodies the entire agreement of the seller".   In order to induce the purchase of the property by Reed,

the agent indorsed on the contract: "It is hereby agreed that if the purchaser of this lot is not satisfied with his investment at the expiration of twelve months that the company will resell the lot at a guaranteed profit of 8% on the initial payment and such monthly payments that have become due and paid. Piatt Development Co. by W. L. Parkins." Plaintiff having paid Parkins the initial payment of $150.00 at the time of signing the preliminary contract, sometime later, received from defendant another contract, which did not contain the special agreement indorsed on the tentative writing. After paying four of the deferred installments, Reed became dissatisfied with his purchase and demanded repayment of the investment under the special agreement.

Defendant says that plaintiff, by accepting the second contract, waived his rights under the special agreement. Plaintiff, on the other hand, contends that he had a right to assume that defendant was informed of the special agreement and would comply with its terms.

Defendant apparently realizes that it cannot claim the fruits of the contract signed by Parkins, as its agent, and yet deny his agency in the premises. "A principal, benefited by an unauthorized act of his agent, cannot deny the authority of the agent to do the act from which such benefit accrued, without first having restored the property or other thing so acquired, or paid to the injured party the value thereof." *Bank & Trust Co.* v. *Lumber Co.,* 70 W. Va. 558, 74 S. E. 674. If the agent was without authority to make the contract which induced the plaintiff to part with his money, then the defendant must either surrender the money or comply with the contract. We are further of opinion that the plaintiff did not, by accepting the second writing without protest, waive his rights under the original contract to demand the repayment of his money, and that the judgment of the circuit court should be affirmed.

*Affirmed.*

Upon application for rehearing:

Defendant insists that whatever may have been the effect of the original agreement to repurchase the property from

plaintiff, his acceptance of the second contract (which did not contain such provision) and payment of installments thereunder, constituted a waiver by him of the special agreement. This argument is based upon the theory that the contract of purchase by plaintiff, which provided that his rights thereunder would be forfeited by default in payment of the monthly installments for a period of three months, is inconsistent with the agreement of defendant to repurchase the property. As they may stand together, the two agreements are not inconsistent. This being so, we are of opinion that the ommission of the special agreement from the body of the second contract did not necessarily charge plaintiff with notice of its rejection by defendant.

As the agreement of the seller to repurchase at the option of the buyer is not inconsistent with the contract of sale, the cases of *United Fuel Gas Co.* v. *Ledsome,* 109 W. Va. 14, 153 S. E. 303; *Myers* v. *Carnahan,* 61 W. Va. 414, 57 S. E. 134, and *Poteet* v. *Imboden,* 73 W. Va. 570, 80 S. E. 958, relied on by defendant, do not support its contention. The doctrine of those cases is: "A subsequent contract which does not by express terms abrogate an earlier contract, will nevertheless operate as a discharge thereof if it is inconsistent with the earlier contract. *But to operate as a discharge,* in the absence of an express agreement to that effect, *the new contract must be clearly inconsistent with the continued existence of the original contract.*"