# CHARLESTON.

STATE, USE RATHBONE *v.* COUNTY COURT OF WIRT COUNTY.

Submitted January 26, 1893.—Decided April 1, 1893.

1. CONSTITUTIONAL LAW.

The act passed by the legislature of this State February 4, 1863, styled, "An act to incorporate the Little Kanawha Navigation Company," and the several acts amendatory thereto, passed, respectively, March 1, 1864, February 28, 1866, March 4, 1868, February 19, 1870, and February 28, 1872, are constitutional; and the bonds issued by the board of supervisors of Wirt county by authority thereof are valid.

2. MANDAMUS—COUNTY COURT—BONDS

*Mandamus* is the proper remedy to compel the County Court of said county to pay the coupons for the accrued interest due thereon.

V. B. ARCHER and W. BEARD for plaintiff in error cited Acts 1868, p. 134; Acts 1870, c. 63; *Id.*, c. 24, s. 2; Code (1868) c. 39, s. 40; Acts 1863, p. 70, s. 9; *Id.*, c. 77; *Id.*, c. 78; 101 Pa. St. 284; 1 Dill. Mun. Corp. (4th Ed.) §§ 522–524, 529; 106 U. S. 487; 133 U. S. 527; 13 Bush 101; 3 Kan. 104; 115 U. S. 384; 117 U. S. 657; Const. (1863) Art. IV. s. 36; Acts 1864, c. 32; Acts 1866, c. 122; 102 U. S. 625; 111 U. S. 400; 127 U. S. 160; 121 U. S. 165; Id. 172; Acts 1863, c. 78, s. 9; 95 Ill. 368; 3 W. Va. 588; 8 W. Va. 74; *Id.*, 612; 1 Cent. Rep. 111; Const. (1863) Art. XI. s. 5; *Id.*, Art. VII. s. 4; 3 W. Va. 588.

J. A. HUTCHINSON for defendant in error cited Const. Art. II. s. 8; 28 W. Va. 158–163; Rob. Forms 342–344; 4 Min. Inst. 965; Code, p. 130, s. 1; 6 W. Va. 336, 350; 2 Kell. Rev. Stat. 561; Sedg. Const. & Stat. L. 429; 8 W. Va. 643; 20 Wall. 655, 660; 8 W. Va. 74, 86; Cov. Cons. Lim. (6th Ed.) 174; 25 Ill. 181; 28 S. C. 427; 72 Ga. 246; Id. 145; 117 U. S. 508; 21 Ill. 511; 5 W. Va. 382; 11 W. Va. 1; 106 U. S. 487; 2 Metc. (Ky.) 219; 16 Wall. 667; 3 Wall. 327; *Id.*, 654; 94 U. S. 310; 96 U. S. 205; 110 U. S. 156; 111 U. S. 363; 93 U. S. 502; 105 U. S. 370; 92 U. S. 484;

111 U. S. 1; 1 Wall. 175; 99 U. S. 676; *Id.*, 686; 21 How. 539; *Id.*, 546; 109 U. S. 735; 117 U. S. 336; 16 Wall. 452; 105 U. S. 739; 128 U. S. 102; 16 Wall. 6; 96 U. S. 271; *Id.*, 83; 117 U. S. 74; *Id.*, 680; 15 Wall. 356; 92 U. S. 484, 489; 14 Ohio St. 260; 92 U. S. 494; 92 U. S. 638; 92 U. S. 642; 94 U. S. 104; *Id.*, 202; *Id.*, 682; 99 U. S. 499; 102 U. S. 81; 102 U. S. 412; *Id.*, 278; 103 U. S. 648; 133 U. S. 198; 5 Wall. 194; 96 U. S. 675; 13 Wall. 297; 104 U. S. 579; 5 Wall. 772; 113 U. S. 227; 103 U. S. 745; 128 U. S. 102; 96 U. S. 51; 116 U. S. 356, 363, 364, 365; 16 Wall. 644; 112 U. S. 261, 271; 103 U. S. 806, 815; 3 Wall. 327, 330; 111 U. S. 1, 15; 7 Wall. 181; 22 Wall. 67; 107 U. S. 549, 554; 9 Wall. 477, 485; 100 U. S. 585; 112 U. S. 325; 92 *Id.* 631; 19 Wall. 241; 111 U. S. 83; 98 U. S. 214; 110 U. S. 608; 94 U. S. 202, 206; 113 U. S. 227; Code W. Va., c. 39, ss. 43, 45; 33 W. Va. 94; 144 U. S. 619; 3 Wall. 327; 103 U. S. 683; 104 *Id.* 505; 20 Wall. 583; 7 *Id.* 82; 92 U. S. 502.

Dent, Judge :

The legislature of this State by an act passed February 4, 1863, chartered the Little Kanawha Navigation Company, and by several acts passed respectively March 1, 1864, February 28, 1866, March 4, 1868, February 19, 1870, and February 28, 1872, amended said charter. By the act of February 28, 1866, Wirt County among others was authorized to subscribe twenty thousand dollars to the stock of said company on a majority vote of the people. By the act of March 4, 1868, said county was authorized to subscribe twenty thousand dollars and to issue bonds in payment thereof; but no vote of the people was required. It was further provided that the Circuit Court should have power by *mandamus* to enforce the requirements of the law. By the act of February 19, 1870, the authority was given to increase the subscription to a sum not exceeding thirty thousand dollars, and to issue bonds in payment thereof. By the act of February 28, 1872, an additional subscription of not exceeding twenty thousand dollars was authorized and bonds to pay the same. An act passed February 25, 1875, among other things provided that all subscriptions

and loans to said company were ratified and declared valid and binding. These several acts, taken together, authorized the county to subscribe for not exceeding fifty thousand dollars of stock, and to issue its bonds in payment thereof.

From the pleadings and facts in this case it appears, that the board of supervisors of said county by virtue of these acts subscribed at two different times to the stock of said company, and, in payment thereof, issued and turned over to said company bonds to the amount of forty thousand dollars, of which ten thousand dollars are held by the relator as a purchaser for value; and he has instituted these proceedings to compel the payment of the interest-coupons due on said bonds, amounting to the sum of one thousand seven hundred and fifty five dollars. He presented these coupons to the County Court, and they refused payment. He then began these proceedings in the Circuit Court of said county, and on the 29th day of October, 1891, obtained a judgment, from which the County Court was granted a writ of error.

The fertile brains of the astute counsel for the plaintiff in error have conjured up every possible objection to the validity of the bonds in controversy. All the objections, however, which are really entitled to careful consideration by this Court, may be treated under two heads.

(1) Did the board of supervisors issue these bonds? This is a question of fact and appears to be clearly established by the evidence, consisting of the orders of the board, their receipt for the stock, the bonds themselves, coupons, and parol testimony. The irregularities pointed out between the bonds and the orders are easily reconcilable. They are at best only clerical misprisions, and do not deserve the attention given to them in the argument. It is claimed that there is no proof of the official character and signature of the clerk and president of the board, whose names are signed to the bonds. There is nothing in the pleadings raising these questions, and, not having been brought to the attention of the Circuit Court they can not be relied on in this Court, where fairness in litigation is expected and will be required.

(2) Had the board of supervisors legal authority to issue these bonds? These various acts were passed by the legislature under the constitution of 1863, which contained no limiting restrictions on the powers of the legislature in relation to this subject. But the legislature had unrestricted power to authorize counties or other municipalities to subscribe to the stock of any company created for the purpose of constructing internal improvements for the public benefit, such as railroads, turnpikes, canals and the improvement of navigable streams. This has been long-settled law and recently again declared by the court of appeals of Virginia in the case of *Board* v. *Randolph*, 16 S. E. Rep. 722.

Counsel further object, because these various acts embrace more than one object, not expressed in the title. Section 36, Art. IV, Const. 1863. The act is entitled "An act to incorporate the Little Kanawha Navigation Company." All the other acts are amendatory and might have been included in it at the time of its first passage. The provision of the constitution does not require the act to set out a detailed statement or an index, nor an abstract of its contents; nor does it prevent including in the same act numerous provisions having one general object, fairly indicated by the title. *Montclair* v. *Ramsdell*, 107 U. S. 147 (2 Sup. Ct. Rep. 391). Under the general title of this act everything could be included necessary to insure the existence, attain the objects, and carry on the business of the company. To authorize counties desiring to be benefitted by the improvement or works proposed to take stock therein, is entirely within the obect of the title as expressed. *Slack* v. *Jacob*, 8 W. Va. 643.

The fact, that a former legislature passed general laws relating to the same matters, can not take away the right of a subsequent legislature to pass any act, public or private, special or general, not prohibited by the constitution; it matters not what effect it may have on former legislation. One legislature can not restrict the rights of its successors. Therefore it was not necessary to take a vote under the general law to render the issuing of these bonds valid, and such a vote was not required under the special acts. This

is fundamental law, which the counsel will find in the elementary works on legislative powers. The most careful scrutiny reveals nothing that will justify the court in holding these bonds otherwise than properly issued, in accordance with the law legislative and constitutional. The conclusion, therefore, follows that the relator's coupons should be paid, and *mandamus* is the proper remedy to compel payment. See decisions heretofore referred to in this opinion.

There is no error of a fatal character in the judgment of the Circuit Court awarding the peremptory writ of *mandamus*, and it is therefore affirmed with costs.

AFFIRMED.

# CHARLESTON.

Submitted January 26, 1893.—Decided April 1, 1893.