## In re WYOMING VALLEY CO-OP. ASS'N.

(District Court, M. D. Pennsylvania: August 21, 1912.)

### No. 2,209.

1. STATUTES (§ 113*)—SUBJECTS AND TITLES—STATUTE AUTHORIZING CO-OPERATIVE ASSOCIATIONS.

Act Pa. June 7, 1887 (P. L. 365), entitled "An act to encourage and authorize the formation of co-operative associations, productive and distributive, by farmers, mechanics, laborers, or other persons," sufficiently expresses the purpose and subject-matter of the act in such title, which is sufficient to put any one reading it on inquiry as to the provisions contained therein with respect to the formation, government, and management of the associations authorized.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 141–144; Dec. Dig. § 113.*]

2. CONSTITUTIONAL LAW (§ 205*)—CORPORATIONS (§ 6*)—SPECIAL PRIVILEGES—ACTS AUTHORIZING CO-OPERATIVE ASSOCIATIONS.

A statute authorizing the formation of co-operative associations, productive and distributive, by "farmers, mechanics, laborers, or other persons," is not invalid as conferring special privileges or immunities because of a provision therein that "no credit shall either be given or taken" by such associations, and that any credit given it in violation of such provision shall "cause a forfeiture of any credit thus illegally given."

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 591–624; Dec. Dig. § 205;* Corporations, Cent. Dig. §§ 30–34; Dec. Dig. § 6.*]

3. CONSTITUTIONAL LAW (§ 89*)—CORPORATIONS (§ 6*)—DUE PROCESS OF LAW—DEPRIVATION OF LIBERTY TO CONTRACT.

A statute authorizing the formation of a particular kind of corporation for specific purposes is not unconstitutional, as interfering with the right of contract, because of a provision that such corporations shall neither give nor receive credit.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 157; Dec. Dig. § 89;* Corporations, Cent. Dig. §§ 30–34; Dec. Dig. § 6.*]

4. BANKRUPTCY (§ 76*)—INVOLUNTARY PROCEEDINGS—PETITIONING CREDITORS.

Persons who extended credit to a corporation, in violation of the express provisions of the statute under which it was organized that it should neither give nor receive credit, have no claims which could be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proved in bankruptcy against it, and cannot maintain a petition to have it adjudged an involuntary bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 50, 56, 97, 99, 100; Dec. Dig. § 76.*]

In the matter of the Wyoming Valley Co-operative Association, alleged bankrupt. On motion to dismiss creditors' petition. Motion sustained.

D. O. Coughlin and B. W. Davis, both of Wilkes-Barre, Pa., for application.

Ralph W. Rymer, of Scranton, Pa., and Wm. N. Reynolds, of Wilkes-Barre, Pa., contra.

WITMER, District Judge. The Wyoming Valley Co-operative Association, incorporated under the act of 1887 (P. L. 365), is a corporation, and, if having committed acts of bankruptcy, may be adjudged a bankrupt under section 4b of the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), and its supplements, upon the petition of creditors having provable claims against it. Whether the claims of the petitioning creditors are of this class or character is the matter for determination. The claims are for merchandise sold and delivered on credit, wherefore the alleged bankrupt says they are not provable, in view of section 8 of the act under which the association was incorporated, and asks that the creditors' petition be dismissed. The section provides:

"That every transaction of said association shall be for cash, and no credit shall either be given or taken [except as therein enumerated], * * * and providing further, that any credit given to any such association in violation of the provisions of this act shall cause a forfeiture of any credit thus illegally given and that a notice to such effect shall be published, by such association, on its letter and bill heads, advertisements and other publications."

The claims of the petitioners do not fall within that class of debts which the act authorizes the association to incur. Being for merchandise sold and delivered at the special instance and request of the association, the debts are declared forfeited by the provisions of the section noted. If this legislation is constitutional, the claims of the petitioning creditors are not to be recognized, and being not provable the creditors cannot invoke the bankruptcy court to take charge of assets upon which they have no claim.

But it is contended that the act is unconstitutional, or that at least the portion exempting the association from liability for the debts incurred, and that the claims of petitioning creditors are valid and subsisting, and provable debts against such association. The attack is aimed at the title and body of the act. It is urged that: (1) The subject of the act is not clearly expressed in its title. (2) Special and exclusive privileges or immunities are thereby granted. (3) Abridgment of the right of persons to make contracts.

It is the duty of courts to construe statutes, and not assume the

functions of the legislative in attempt to relieve the public of legislation regarded as unfavorable, except by mandate of the organic law. All statutes are to be so construed as to sustain the legislative intent. Mauch Chunk v. McGee, 81 Pa. 433; Commonwealth v. Moore, 2 Pa. Super. Ct. 162. The Legislature intended that the law on the subject-matter of the bill should be operative, and, if possible, it is the duty of the court to allow it this effect. All the presumptions are in favor of its constitutionality, and nothing but a clear violation of the Constitution will justify the court in pronouncing it void. Bearing these cardinal rules of construction in mind, is this aim well taken?

[1] 1. Is the purpose or subject-matter of the act clearly expressed in its title, and does it give reasonably clear notice of the matter to be found in it? If so, it is all that is necessary. This has been well settled in numerous cases in which the principle has been reiterated, as also that the title need not be an index of the contents of the act. The title, "To encourage and authorize the formation of co-operative associations, productive and distributive, by farmers, mechanics, laborers, or other persons," invites attention to a certain class of corporations thereby created, to be known as co-operative associations. The organization, controlling and governing of its acts, is necessarily embodied and implied in the use of the words employed. "It is not necessary that an act whose title designates the authorization and formation of a corporation shall, in the body of it, be limited to the creation of a corporate entity alone, but may include everything necessary to insure the existence of the corporation to attain the object of its formation and to carry on the business of the company." Lewis' Sutherland, Statutory Construction, vol. 1, p. 261; State v. Wirt County, 37 W. Va. 808, 17 S. E. 379.

The act was passed for the purpose, as expressed in the title, of encouraging and authorizing the formation of co-operative associations. It places upon its corporate association powers and limitations specifically set forth and provided, that its business shall be on a cash basis, whereof notice shall be given as therein provided, and that, in the event any person doing business with it, in violation thereof, the person so violating shall not be able to enforce any obligation growing out of the same. The provision is germane to the subject-matter expressed in the title of the act, from which notice or warning to the inquiring is inferred. The title is sufficient to place any person reading it upon inquiry, to discover what the act says in reference to the formation, organization, government, and management of the association authorized to be created and of its necessarily implied rights, privileges, and responsibilities. The title, thus inducing examination, accomplishes all that a more elaborate statement would furnish, by way of notice, and is therefore held sufficient. Milvale Borough v. Evergreen Ry. Co., 131 Pa. 1, 18 Atl. 993, 7 L. R. A. 369; Kelly v. Mayberry Township, 154 Pa. 440, 26 Atl. 595; Commonwealth v. Lloyd, 2 Pa. Super. Ct. 6.

[2] 2. The act is not local or special, since its provisions apply any-

where and to any of the class created, excluding none. Davis v. Clark, 106 Pa. 377; York School Dist.'s Appeal, 169 Pa. 70, 32 Atl. 92. Nor does it confer on the corporation thereby created special or exclusive privilege or immunity, in that it provides that "no credit shall either be given or taken," except as therein provided, and furthermore that "any credit given to any such association in violation of the provisions of this act shall cause a forfeiture of any credit thus illegally given." The purpose of the act is to encourage the formation of co-operative associations, productive and distributive, by farmers, laborers, and others, for protection against those into whose hands are given the distribution of the necessaries of life. Prices are constantly increasing as the desire for profit grows upon those who have succeeded in limiting the equalizing force of competition, and the toilers striving for a livelihood are by means of this act to be afforded an opportunity of minimizing the necessary living expenses, instead of diminishing the ratio of their comforts. The legislative intent is apparent and to be commended. Whatever may be the intent and purpose of the act, if in violation of any constitutional prohibition, it must not be tolerated. However, the provision forbidding credit and forfeiture of such extended was intended as a protection to the savings of those of limited means investing in the association for their mutual advantage. Rather than a privilege, the provision is intended, and in fact operates, as a restriction, taking away from the association one of the main powers and privileges which a commercial enterprise requires in order to establish and build up a lucrative business. Nor was it intended, or to be regarded, in the sense of an immunity against debt. The legislative intent was to discourage the transaction of the general business of the association on a credit basis, so as to prevent the extension of its business beyond its cash capital, endangering thereby all of its holdings. By the penalty provided for doing business with it otherwise than as stipulated, every person dealing with it is made an individual under the act to aid in observing strictly the provision that no credit shall be given or taken.

[3, 4] 3. The act creates a new corporate being, an association for a specific purpose. It is not an individual or person sui juris without limitation. The act creating it has itself limited the association in regard to its powers, and this the Legislature had a right to do. "The Legislature may declare the mode in which the contracts of parties shall be expressed and evidenced in order to be enforceable; it may deny validity to contracts of persons supposed to be incapable of contracting, as in the case of infants and insane persons, and to contracts contrary to good morals or public policy, as in the case of gaming contracts and contracts in general restraint of trade; it may interfere to regulate the contract of persons pursuing a public business, or who have voluntarily devoted their property to a public use, so that it has become affected with public interest." Munn v. People, 94 U. S. 113, 24 L. Ed. 77; Commonwealth v. Brown, 8 Pa. Super. Ct. 351. The right to acquire, hold, and dispose of property includes the right to make reasonable and proper contracts within the law. Hooper v.

People, 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297; Story (5th Ed.) § 1590. This right is held, however, subject to such restraint as may be necessary for the common welfare, and of this the Legislature primarily is the judge. Its decision is not to be overturned by the courts upon the mere ground that the Legislature is unwise, or even unjust. The act being general, and calculated to aid and encourage a large body of people in an effort to better their condition, this court will refuse to interfere, since its duty to do otherwise does not clearly appear.

The cases cited by counsel, Godcharles v. Wigeman, 113 Pa. 431, 6 Atl. 354, and others of its class, in which statutes were declared unconstitutional, since restricting the freedom of contracts, have to do with statutes relating to natural persons, or persons sui juris, wherein it appears that one class of citizens were singled out and denied rights which others enjoyed, without sound public reason, and do not here apply.

The credit extended by the petitioners seeking to declare the association in bankruptcy was in plain violation of the powers and prohibitions contained in the act of assembly; of which they were bound to take notice, and, notwithstanding the doings of the directors and managers of the association, their claims are not provable.

The petition of the creditors, asking that the association be declared a bankrupt, is dismissed, and the appointment of receiver is vacated. The costs to be paid by the petitioning creditors.