# CHARLESTON.

O. L. CASTO *et als. v.* UPSHUR COUNTY HIGH SCHOOL BOARD.

Submitted September 25, 1923.     Decided October 2, 1923.

SCHOOLS AND SCHOOL DISTRICTS—STATUTES—*Act for Establish-ment of County High School Held Valid Under Constitutional Provision Relating to Independent School Districts and not Defective as to Subject and Title.*

Chapter 86 of the Acts of 1923, being "An act to provide for the establishment of a county high school in the county of Upshur, and to provide for a special levy and board of trustees for the same," and which creates a high school, pro-vides for a levy to build, equip and maintain the same, upon the taxable property in all of the districts of the county, ex-cluding therefrom the taxable property in an independent school district carved out of one of the magisterial districts; creates a board of education for said high school composed of the presidents of the boards of education of each of the magisterial districts with the county superintendent as presi-dent thereof, with the power to purchase a site, make levies therefor and conduct the affairs of the school under the gen-eral school laws of the state in so far as they do not conflict

94 W. Va.

with the act; is not in contravention of secs. 1, 5 and 10 of Art. 12 of the constitution; nor of sec. 30 of Art. 6 of the constitution. The act is constitutional.

Case certified from Circuit Court, Upshur County.

Suit by O. L. Casto and others against the Upshur County High School Board. A demurrer to the bill was sustained, and case certified.

*Affirmed.* ·

*O'Brien & Hall,* for plaintiffs.
*Young & McWhorter,* for defendant.

LIVELY, JUDGE:

: The bill assails the constitutionality of Senate Bill No. 74 passed by the legislature of 1923, and contained in the acts of that year as chapter 86, being ''An act to provide for the establishment of a county high school in the county of Upshur, and to provide for a special levy and a board of trustees for the same,'' and is filed by several tax payers of the magisterial districts affected thereby, and prays that the Upshur county board of education be enjoined from purchasing a site for the high school, laying and collecting levies, or in any other way putting into effect the act. Demurrer to the bill was sustained and the action of the court certified for review. Is the act invalid as contravening the constitution? This is the sole question.

The act establishes a county high school, and designates the ·presidents of the boards of education of Banks, Buckhannon, Meade, Union, Warren and Washington districts of Upshur county, together with the county superintendent of· free schools as the Upshur county board of education for said school, authorizes it to purchase a site, erect suitable buildings thereon for a high school open to all pupils of high school grade in the districts named, and to lay a levy of not more than 30 cents on the $100 for three years on all the taxable property in said districts, (exempting from the levy the property in Buckhannon Independent District) for the purchase of the site and erection of the buildings. When the buildings are completed, then the board is authorized

to lay a levy of 10 cents for maintenance purposes (excluding the property in the independent district) in the same manner and at the same time as levies are made by the district boards. The board is authorized to purchase necessary equipment and employ teachers and to do whatever is necessary to maintain and run the school in accordance with the general school law; and it is provided that when the buildings shall have been completed and equipped, the same shall be maintained and governed by the general school laws, not in conflict with the act.

The bill asserts that the act is unconstitutional because: (1) "It attempts to create a unit of high school territory which covers and embraces in part territory already preempted as high school territory by the Buckhannon Independent District as created by Chapter Three, Acts of the Legislature One Thousand Nine Hundred and Eight as set out in said Act"; (2) "That it attempts to create a high school unit covering the county of Upshur, without submitting it to a vote of the people as the Constitution and the Statute of West Virginia require"; (3) "That it attempts to empower the laying of levies on the taxable property in the territory of Banks District, Buckhannon District, Meade District, Union District, Warren District and Washington District, exclusive of the taxable property in Buckhannon Independent District as created by Chapter Three, Acts of the Legislature of One Thousand Nine Hundred and Eight, thereby creating a unit for taxation and revenues within the high school unit for benefits but not coextensive with the boundaries of said unit for benefits, in this, that it so excludes the taxable property in the said Buckhannon Independent District from levy"; (4) "That the Legislature by said Act exceeded its powers 'in authorizing the board of education created by the Act to raise money for the purpose of carrying out its provisions differently from that provided by the general school law' "; (5) "And for divers other reasons appearing in the preamble (title) and provisions of said Act."

On the first proposition we do not find that the act attempts to affect the integrity of the Buckhannon Inde-

pendent School district in any way. The board of the independent district can function as before, conduct its high school therein (the bill alleges that the independent district is amply provided with a high school), lay levies therefor; and the taxable property therein is not affected by levy for the county high school.

The second and third propositions of invalidity are closely related and may be stated in the following proposition: Can the legislature create a county high school and subject the property within the county to levy for the erection and equipment or the buildings, and for its maintenance and support? Almost all of the argument of plaintiffs' counsel is to sustain the negative of this question. It is argued that the act contravenes section 10 of Article 12 of the constitution which provides that "No independent free school district, or organization shall hereafter be created, except with the consent of the school district or districts out of which the same is to be created, expressed by a majority of the voters voting on the question"; and that by the latter part of section 5, Article 12, the legislature "shall also provide for raising in each county or district, by the authority of the people thereof, such a proportion of the amount required for the support of free schools therein as shall be prescribed by general laws." An independent district, while a recognized part of the general school system, is always authorized by special act, in which territorial limits are defined and the powers and duties of the administrative officers therein set out. It is usually composed of that part of the territory of a district or districts where there are many pupils of school age who cannot receive instruction to the degree desired under the ordinary district system and who are accorded better facilities, longer terms of school, and instruction in the higher branches. The property within its limits is usually subjected to a special rate of taxation for school purposes. As its name implies, it is independent of the general system in the length of the school term, employment of teachers, branches taught and to what extent, internal management generally, and taxation. Our present school law provides that the powers and privileges

heretofore granted to any, independent school district shall not be infringed upon in any manner by the general school law. Sec. 194, chap. 45, Code. Under the first constitution, the legislature had power to authorize and create such independent districts without sanction of the people of the district or districts out of which it was carved; but the constitution of 1872 (our present constitution) incorporated sec. 10 of Art. 12, above quoted, which requires the sanction of the people affected. The reason for this change is unimportant. If we were dealing with an act creating an independent district, the solution would be simple, the constitutional mandate would be carried out and the act would be declared unconstitutional. But that is not the case here. We do not have an independent district. The territories of the school districts are left intact, and the boards thereof are functioning as before. Nothing is carved out of them or any of them. The act does not infringe upon sec. 10, Art. 12 of the constitution. District high schools, joint district high schools and county high schools are a part of the general scheme of education and are general throughout the state. Their creation by special act is not violative of sec. 1, Art. 12, Const., which provides: "The legislature shall provide, by general law, for a thorough and efficient system of free schools." It is in furtherance of that mandate, just as is the establishment of the higher institutions, such as the university, its preparatory branches, and the normal schools. *Herold* v. *McQueen*, 71 W. Va. 43. Was there a necessity for the establishment of this county high school? The legislature has answered in the affirmative, and the courts cannot question the necessity, expediency or the wisdom of the coordinate branch of the government in its action. It has power to determine the expediency and necessity without a vote of the people.

It is insisted that the people of the county have had no opportunity to vote on the levy to support the high school; and their right of local self government is abridged; that the act by preventing them from voting on the levy violates the latter part of sec. 5, Art. 12, above quoted. The people of the county have already authorized by vote the general school levy. They are required to vote thereon at every

election at which a county superintendent of free schools is elected, every four years. We must presume that the vote was favorable to the levy, else there would be no free schools in the county. As above stated the high school established by the act is an incident to the general system and in furtherance thereof. That the legislature saw fit to pass a special act applicable to the conditions arising in Upshur county, and not a general act applying to all counties, does not render it void for that reason under sec. 5 above set out. This question was raised and discussed in *Herold* v. *McQueen,* supra, and it was there held that the act was not violative of sec. 5, Art. 12, because it was special. Moreover, it will be observed that, while that act creating the Nicholas county high school was not to became effective until it had been adopted by a vote of the people, Judge WILLIAMS said in the opinion: ''The legislature could have established the high school without submitting the question to a vote of the people at all, and may have submitted it to a vote only for the reason that it thought it unwise to establish the school unless a majority of the voters of the whole county were in favor of it.''

It is argued that because the property in the independent district of Buckhannon is not subject to the high school levy, the act is void because it accords to the high school youth of the independent district benefits while the property in the independent district is not taxed for those benefits. This, we apprehend, is what is meant by the third proposition above set out to sustain the charge of invalidity. But is this true? The high school unit is composed of all of the districts and all of the property therein, except the property in the independent district of Buckhannon, and is subject to the levies provided for in the act. The unit for taxation does not include the property in the independent district and it does not follow that the benefits of the county high school would be open to the high school pupils of the independent district because it is not expressly provided in the act that they shall not have it. It will be observed that section 9 of the act provides that when the building is completed and equipped and ready for use, ''it shall be subject

to and be maintained, run and governed by the general school laws of West Virginia, so far as they do not conflict with this act." Under section 59 of chapter 45 of the Code, which is the general school law, when pupils are transferred from an independent district to another district, or from one district to another, either to the elementary schools or to high school, the board of education from which the pupils are transferred is required to pay reasonable tuition fees, in the case of high schools not more than $5 a month, out of the teachers' fund, into the teachers' fund of the district where the pupils are sent. The transfer is not a right. The board may award it when cause is shown. The benefits of the high school are open only to those who are taxed for its maintenance and support.

The fourth assignment of invalidity is that the legislature exceeded its powers in authorizing the board to provide revenue for the high school, and different from that provided by general law. This would not render the act unconstitutional, for if the manner of raising levies be different from that provided by other acts of the legislature it would not contravene the constitution. Where there is a conflict between acts, and they cannot be reconciled; the last act usually controls. But in argument it is said that this assignment is not based on the proposition that it is in conflict with the statute law, but that it is in conflict with the last clause of section 5 of Article 12 of the constitution above cited, which is, "the supreme law of the land." That phase of the act has been discussed under the second and third propositions, and under the holding in *Herald* v. *McQueen,* supra; we conclude that the act is not contrary to that section of the constitution.

Under the fifth assignment of invalidity it is asserted that the title to the act is misleading and violates section 30 of Article 6 of the constitution, which provides that "No act hereafter passed shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed the act shall be void only as to so much thereof as shall not be so expressed." The title to the act is: "An act to provide for the establishment of a county high school in the county of Upshur, and

to provide for a special levy and a board of trustees for the same." It is argued that the title is misleading in that it states that a county high school is the object, and that the body of the bill does not create a county high school, because not all of the territory of the county is included in the unit, the independent district of Buckhannon being excluded. We do not think there is any merit in this contention. The title to an act is simply an index of what is contained therein and need not descend to particularity. The "object" of a statute is its general aim or purpose and was intended to give notice to the legislators and the public of what in a general way is contained in the bill. There is no constitutional inhibition as to the scope or magnitude of the single object of the act. For instance, our code of 1868 is contained in one act: "An act establishing a code of laws for this state." While it embraces a single object it includes the chapters relating to all its institutions and ramifications of government. The same may be said of the title to an act creating a municipal corporation. If under the one object expressed in the title other incidental or auxiliary objects appear in the act germane to the principal object the act is valid as to such incidental, auxiliary and germane objects. The universal rule of construction is that the title should be construed in its most comprehensive and liberal sense favorable to the validity of any provision of the act. *State* v. *Haskins,* 92 W. Va. 632; 115 S. E. 720. Is there anything misleading in this title? It gave notice to the legislators and the public that a high school for the county of Upshur was to be created. Such an institution was created by the act; and the exemption from taxation for support of the institution of property in the independent district would not render the act invalid under the title. The provisions of the act are within the object expressed in the title, and no one, neither legislator nor citizen, could be misled in the purpose of the act by reading the title.

The act is constitutional; and the demurrer to the bill was properly sustained, and it will be so certified to the circuit court.

*Affirmed.*