E. GUY SYPOLT

*v.*

ARTHUR F. SHAFFER

(CC 722)

Submitted May 6, 1947.   Decided June 10, 1947.

R. *Doyne Halbritter* and *Frank E. Parrack,* for plaintiff.

*Thomas W. Lewis,* and *Frank B. Everhart,* for defendant.

KENNA, JUDGE:

This proceeding was brought in the Circuit Court of Preston County by E. Guy Sypolt against Arthur F. Shaffer under the provisions of Chapter 1 of the Acts of the Legislature of 1945 for the purpose of settling the location of the boundary between a tract of sixty-four and six-tenths acres alleged to be owned in fee by the petitioner and land owned by the defendant abutting upon its southern boundary line, the location of which is the matter in controversy according to the allegations of the petition. The trial court sustained a demurrer to the petition, among other things holding Chapter 1 of Acts of 1945 unconstitutional and certified to this Court its specific ruling on five assigned grounds which are:   (1) That the petition fails to aver with reasonable certainty the real estate and boundary line the petitioner seeks to establish; (2) the petitioner fails to aver what boundary line he seeks to establish; (3) petitioner fails to aver his right of possession; (4) petitioner fails to make Nellie Mabel Shaffer, wife of the defendant, Arthur F. Shaffer, a party to the petition and action; and (5) that the statute upon which the petition is based is unconstitutional and deprives the owner of real estate of his property without due process of law.   The trial court sustained the demurrer as to points one, two, three and five and overruled the demurrer as to point four.

The Act of the Legislature upon which the petition is based, including its title, reads as follows:

"AN ACT to amend article four, chapter fifty-five of the code of West Virginia, one thousand nine

hundred thirty-one, as amended, by adding a new section thereto to be designated section thirty-one, pertaining to the ascertainment and designation of boundary lines between coterminous landowners.

"Article 4. Ejectment
Section

31. How boundary line or lines of real estate may be ascertained and established; petition may be filed for that purpose.

*"Be it enacted by the Legislature of West Virginia:*

"That article four, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one as amended, be amended by adding a new section thereto to be designated section thirty-one, to read as follows:

"Section 31. *How Boundary Line or Lines of Real Estate May Be Ascertained and Established; Petition May Be Filed for That Purpose.*—Any person having a subsisting interest in real estate and a right to its possession, or to the possession of some share, interest or portion thereof, upon petition filed in the court which would have jurisdiction in an action of ejectment concerning such real estate, shall have the right to have ascertained and designated by the said court, the true boundary line or lines to such real estate, as to one or more of the coterminous landowners. Petitioner in his petition shall state whether his interest is in fee, for life, for a term or otherwise, and shall describe with reasonable certainty said real estate and the boundary line or lines thereof which he seeks to establish. A plat showing such real estate and boundary line or lines, filed with the petition, may serve the purposes of such description.

"The petitioner shall make defendants to said petition all persons having a present interest in the boundary line or lines sought to be ascertained and designated, and the case shall be commenced by serving a copy of the petition upon the defendant or defendants. If the petition shall

have been served on the defendant or defendants and filed in the clerk's office not less than thirty days preceding the first day of a term of court the case shall be matured for trial at said term. The defendant or defendants may file an answer to said petition which shall state the grounds of defense, if any, and the parties shall be deemed to be at issue, which issue shall be the true boundary line or lines of such real estate. The trial shall be conducted as other trials at law, and the same rules of evidence shall apply and the same defenses may be made as in other actions at law. A trial by jury may be waived by consent of the parties, and the case be tried by the court. Counsel for the petitioner shall have the right to open and conclude the argument. The judgment of the court shall be recorded in the law order book, and in the current deed book in the office of the clerk of the county court, and indexed in the names of the parties. The judge of the court in term time or vacation may direct such surveys to be made as he may deem necessary. The judgment of the court, unless reversed, shall forever settle, determine, and designate the true boundary line or lines in question, and be binding upon the parties, their heirs, devisees, and assigns. The judgment may be enforced in the same manner as a judgment in an action of ejectment. A writ of error from the supreme court of appeals shall lie to such judgment in like manner as in a common law action.

"In a proceeding under this section, no claim for rents, profits or damages shall be considered."

As to the first two points of demurrer, it will be noted that the act provides that the petition "shall describe with reasonable certainty said real estate and the boundary line or lines thereof which he seeks to establish. A plat showing such real estate and boundary line or lines, filed with the petition, may serve the purposes of such description." The petition gives the bearing and distance of the line in dispute upon which the defendant's land abuts and also refers to a plat filed therewith and made a part thereof, not objected to by the defendant as being incorrect, which locates the corners and gives the bearing and dis-

tance between corners of plaintiff's entire boundary, thus locating definitely on the plat the bearing and distance of the southern line sought to be located in this proceeding. In addition the petition describes and refers by book and page to the recorded deed under which the petitioner claims, although it is not set out in the petition. We are of the opinion that the petition describes the plaintiff's real estate with reasonable certainty and so locates the boundary line which he seeks to establish and that in this respect the petition complies with the provisions of the act in question. The first two questions certified are so answered.

As to the third point of demurrer concerning the petitioner's failure to aver his right to possession, we are of the opinion that the averment of title in fee necessarily carries with it the right to possession, the act not requiring an averment of actual possession which we think is plainly distinguishable from the right to possession.

As to the fourth point of demurrer concerning the making of the defendant's wife a party to the proceeding, it will be noted that the act requires "all persons having a present interest in the boundary line or lines sought to be ascertained and designated," parties to the proceeding. We are of the opinion that an inchoate right of dower is not a "present interest" within the meaning of the act; therefore that the trial court was correct in overruling this ground of demurrer. This proceeding is to locate a common boundary as between the plaintiff and the defendant. It does not try title. Boundary lines can be established in a number of different ways and do not require the participation of persons having a conditional or inchoate interest in the land involved. We therefore think that the wife is not a necessary party to this proceeding. She is vested with no property right directly concerned, and since the statute under consideration does not expressly make her a necessary party, it did not constitute error to proceed against the owner of the fee alone.

As to the fifth ground of demurrer there are three dif-

ferent bases on which the defendant below contends that the act in question is unconstitutional: (a) That it deprives the owner of real estate of his property without due process of law; (b) that the notice required by the act is insufficient; and (c) that the title of the act does not clearly state its subject matter.

We are cited to no cases holding that a statute similar to the one in question does not provide due process of law. It provides for a trial by jury as in other actions at law of the issue joined by the answer to the petition filed by the defendant. It provides for an order of survey as in an action of ejectment and expressly grants to a party feeling himself aggrieved by the judgment of the court leave to apply for a writ of error from this Court. We do not think that it is necessary to discuss in detail the question of due process as it relates to this sort of a proceeding, because we believe that the statute in question plainly complies with the due process requirement. Many like cases in which the due process question has been raised have arisen, some of them holding that a proceeding to settle boundaries does not relate to title and is not therefore within the purview of the due process provision, others holding that an act submitting the question of boundary to a court of chancery infringes the constitutional provision for a jury trial. We are not concerned with these questions here, but those who wish to examine them may do so by reading the citations in the footnotes in 8 Am. Jur., "Boundaries" §87 et seq.

As to the sufficiency of the notice, we believe that under our practice thirty days' notice, being more than that required for notice of motion for judgment and a few days less than that required to mature an action at law at rules so that a conditional judgment can be entered, is sufficient. Of course, in unusual instances and for good cause shown, the time may be extended by continuing or resetting the case involved.

Concerning the title to the act, we believe that the clause "pertaining to the ascertainment and designation of

boundary lines between coterminous landowners." is sufficient. It could of course have gone further and spoken of the subject matter as being, as in fact we suppose it was, an effort to clarify and devise a substitute in part for the action of ejectment; it could have spoken of empowering the courts to ascertain and designate boundary lines. It might have been clarified by restricting it specifically to disputed boundary lines. All titles can be elaborated and many improved. However, the test of their sufficiency is whether they will convey to persons interested in the actual subject matter enough information to provoke the reading of the act, and will also properly restrict the purview of the act to a single topic. We are of the opinion that the title in question performs both these functions and therefore is sufficient.

Based upon the foregoing discussion the holdings of the Circuit Court of Preston County are reversed as they relate to certified questions Numbers 1, 2, 3 and 5, and the holding of that court concerning certified question Number 4 is affirmed.

*Reversed in part; and*
*affirmed in part.*