CITY OF WHEELING *etc., ex rel.*
SARAH M. CARTER, *et al., etc.*

*v.*

AMERICAN CASUALTY COMPANY, *et al.*

(CC 738)

Submitted April 6, 1948. Decided June 15, 1948.

Fox, JUDGE, dissenting.

*Carl G. Bachmann* and *Gilbert S. Bachmann,* for plaintiffs.

*Handlan, Garden, Matthews & Hess,* for defendants.

HAYMOND, JUDGE:

This action of covenant was instituted in November, 1946, by the plaintiff, The City of Wheeling at the relation of John T. Carter, to recover damages from the defendants, American Casualty Company of Reading, Pennsylvania, the surety, and Louis Bopp, the principal, upon his official bond as a city police officer for an alleged attack made by Bopp, while armed with a billy, upon Carter on May 25, 1946, in which Carter sustained severe personal injuries.

While the case was pending, on December 30, 1946, Carter died from causes other than the injuries inflicted upon him by Bopp and, by order entered February 19, 1947, the

action was revived for the use and benefit of Carter's executor and executrix, who filed an amended declaration on March 6, 1947. The defendants demurred to that declaration and filed three special pleas, to two of which pleas, designated No. 1 and No. 2, the plaintiff entered its demurrer.

The circuit court sustained the demurrer to the amended declaration and the demurrers to the two special pleas and, on its own motion, certified its rulings to this Court.

The controlling questions which arise upon the certificate are: (1) Whether revival of a pending action for personal injuries, after the death of the injured person from other causes, may be had by virtue of Section 8, Article 7, Chapter 2, Acts of the Legislature of 1945, Regular Session; and (2) if such revival may be had, whether the title to the act satisfies the requirements of Section 30, Article VI of the Constitution of this State, which provides that no act of the Legislature shall embrace more than one object and that it shall be expressed in the title.

In the solution of these questions it is appropriate to consider the historical background in this State of actions based on personal injuries, for, though this action is in form in covenant and contractual elements contained in the bond executed by the defendants are involved, it sounds in tort and, unless limited by statute, the common law rule with respect to the survival of actions operates to prevent any recovery against the defendants notwithstanding the provisions of the bond. See *Byrd* v. *Byrd,* 122 W. Va. 115, 7 S. E. 2d 507. As is well known, at common law all actions for personal injuries, being personal actions, died with the person whether such person received or committed the injury and no such action could be maintained either by or against his personal representative. *Flint* v. *Gilpin,* 29 W. Va. 740, 3 S. E. 33; *Curry* v. *Town of Mannington,* 23 W. Va. 14. By statute, however, both in England and in this country, the common law rule has been restricted. The first restriction or limitation of the rule in this State arose under the statute which embodied

the provisions known as Lord Campbell's Act, passed by the British Parliament August 26, 1846, which dealt with the right to recover for death due to negligence or wrongful act of another, Statutes at Large, 1846, 9 and 10, Victoria, Chapter 93; and which has served as a model for subsequent legislation in most of the States of the Union. Black's Law Dictionary, Third Edition, 269; 25 Words and Phrases, Permanent Edition, 604. The statute relating to that subject gave a cause of action to the personal representative against any person who wrongfully caused the death of his decedent. See *Curry* v. *Town of Mannington*, 23 W. Va. 14; 17 C. J. 1185. This statute, with some variations and amendments from time to time, has been the law of this State from its formation. See *Byrd* v. *Byrd*, 122 W. Va. 115, 7 S. E. 2d 507; *Wilder* v. *Charleston Transit Co.*, 120 W. Va. 319, 197 S. E. 814; 117 A. L. R. 948. Originally it provided a cause of action in favor of the personal representative of the deceased person against the wrongdoer who caused his death but made no provision for the survival of the action against the personal representative of the wrongdoer in the event of the death of the wrongdoer. The statute, in the form in which it existed prior to its latest amendment appeared as Sections 5 and 6, Article 7, Chapter 55 of the Code of 1931. By an amendment to Section 5, adopted in 1931, the right of action was preserved in favor of the personal representative of the person whose death resulted from the wrongful act against the personal representative of the wrongdoer. Chapter 20, Acts of the Legislature of 1931, Regular Session. The only purpose of the amendment to the statute relating to an action for wrongful death, however, was to cause such action to survive as against the personal representative of the deceased wrongdoer. The amendment did not change the common law rule with respect to a person injured by the wrongdoer when such injuries did not result in the death of the injured person. See *Byrd* v. *Byrd*, 122 W. Va. 115, 7 S. E. 2d 507.

A new statutory provision was incorporated in the Code of 1931 as Section 8, Article 7, Chapter 55. In its original form it declared that when an action is brought by a per-

son injured for damage caused by the wrongful act of any person and pending the action the person injured died as a result of the wrongful act, the action should not abate by reason of his death but might be revived in the name of his personal representative. The section, by its terms, did not refer to an action by a person injured for damage caused by the wrongful act of another when the injuries did not cause the death of the injured person or provide for the survival of the action against the personal representative of a deceased wrongdoer. The section, however, was amended by Chapter 2, Article 7, Section 8, Acts of the Legislature of 1945, Regular Session. As so amended the section is in this form:

"Where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under said sections. But in such case there shall be but one recovery for the same injury. And any right of action which may hereafter accrue by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, neglect or default of any person, shall survive the death of the wrongdoer and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party. Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."

The plaintiffs contend that this statute preserves the cause of action which accrued to John T. Carter in favor

of his personal representatives and authorizes its revival in their name for the purpose of prosecuting the action to final judgment and that the statute is constitutional in that its title satisfies the mandate of Section 30, Article VI of the Constitution, that "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title." The defendants challenge this position and insist that the language of the statute does not preserve the cause of action against a surviving wrongdoer in favor of the personal representative of an injured person whose death was not caused by the act of the wrongdoer and that if the language of the act is broad enough to effectuate such purpose it is unconstitutional because no such object is expressed in the title.

It is clear that by the amendatory statute, Section 8, Article 7, Chapter 2, Acts of the Legislature of 1945, Regular Session, the Legislature intended to remove the restriction which limited its scope to an injured plaintiff who dies during the pendency of the action from the injury caused by the act of the wrongdoer and, by so doing, it indicated its purpose to extend its application to a plaintiff injured by the wrongful act who dies while the action is pending but whose death did not result from the wrongful act, and to preserve the cause of action, which the injured person enjoyed at common law while living, to his personal representative to enable him to proceed in the pending action to final judgment. The language of the amendment that when such action is brought, and the injured person dies pending the action, "the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative" expressly preserves the cause of action which originally accrued to the injured person in his lifetime to his personal representative in the event such person dies while the action is pending. The statute says clearly that the action shall not abate but may be revived. These words save the cause of action to the personal representative of the deceased injured person, if he dies during the pendency of the action, by authorizing

its revival in the name of the personal representative and, as the liability of the living wrongdoer continues without any provision of the statute, it is obvious that the intention of the Legislature in enacting the amendatory statute was to enable the personal representative of the injured person whose death pending the action was not caused by the wrongful act to revive and prosecute the pending action to final judgment.

The statute further provides that in the event the wrongdoer dies, either before or after the death of the injured person, any cause of action which may accrue by reason of any injury done to the person of another, and not resulting in death by the wrongful act of the wrongdoer, shall survive the death of the wrongdoer and may be enforced against his executor or administrator, either by reviving against his personal representative an action which had originally been instituted against the wrongdoer in his lifetime or by bringing an original action against the personal representative of the wrongdoer after his death.

The language of the amendatory statute enacted by the Legislature in 1945, Section 8, Article 7, Chapter 2, applies to the action instituted by the plaintiff in behalf of John T. Carter, in his lifetime, prevents its abatement, and authorizes his personal representatives, after suggesting his death, to revive the pending action in their names and to prosecute it to final judgment. The act is a survival statute which recognizes the existence of a cause of action in the injured person in his lifetime and it preserves and carries it forward in favor of his personal representative to enable him to conduct it to its final conclusion. See 25 C. J. S., Death, Section 16; 17 C. J. 1186. The statute, being remedial, should be liberally construed. *Wilder* v. *Charleston Transit Company,* 120 W. Va. 319, 197 S. E. 184, 117 A. L. R. 948. It deals specifically with a particular type of action and not with the revival of suits or actions in general, as does the statute consideded by this Court in the case of *Woodford* v. *McDaniels,* 73 W. Va. 736, 81 S. E. 544, 52 L. R. A. (N. S.) 1215. That statute, which at

the time of that decision in 1914 appeared as Section 2, Chapter 127 of the Code of 1913, and with slight change is now Section 2, Article 8, Chapter 56 of the Code of 1931, is a procedural statute and the first sentence of the section was designed to prevent the total abatement of a case in which the death occurs of one of two or more joint parties. *Henning* v. *Farnsworth,* 41 W.Va. 548, 23 S. E. 663. The first sentence makes no provision for reviving the action against the personal representative of the deceased party, *Rowe* v. *Shenandoah Pulp Co.,* 42 W. Va. 551, 26 S. E. 320, 57 Am. St. Rep. 870; *Henning* v. *Farnsworth,* 41 W. Va. 548, 23 S. E. 663; and it merely prevents the total abatement and enables the plaintiff to keep the action alive against the surviving defendants. *Means* v. *Barnes,* 72 W. Va. 512, 78 S. E. 665. In the *Woodford* case, an action at law, instituted by Woodford to recover from McDaniels damages for the alleged malicious use of judicial process, McDaniels died while the action was pending. The action was revived on scire facias against his administratrix and upon her demurrer and motion it was dismissed. In affirming the judgment of the trial court this Court held, in Point 2 of the syllabus, that the statute, then Section 2, Chapter 127, Code of 1913, prescribes only the mode of procedure for the revival of actions which, at common. law or by virtue of other statutory provisions, survive to or against a personal representative of the deceased party and does not create a new cause, or give a new right, of action which did not exist before. The holding in the *Woodford* case, without any mention of or reference to it, destroyed the force of the dictum of Judge Brannon in *Henning* v. *Farnsworth,* 41 W. Va. 548, 23 S. E. 663, that "The second clause of section 2 repeals the common-law rule that actions for tort die with the person, and gives a right of revival to or against a sole plaintiff or defendant of actions for tort, just as in contracts". The marked differences between the statute considered in the *Woodford* case and the statute here involved clearly distinguish that case from the case at bar.

Unless the statute now under consideration operates to cause the survival of the original cause of action to the ex-

tent necessary to enable the pending action when revived to proceed to final judgment, the right to revive the action, conferred by its terms, becomes a nullity and the statute, in that respect, is without meaning or effect. It would be unreasonable, if not indeed absurd, to suppose that the Legislature, having authorized the revival of the action, had failed to preserve the cause of action on which it is based for the purpose of enabling the person in whose name it is revived to prosecute the action after its revival to final judgment. If the cause of action dies with the death of the injured person who had instituted the pending action and is not so preserved by the statute, that part of the statute which expressly provides the right to revive the action is utterly devoid of sense or meaning. It will not be regarded as meaningless by this Court. The effect of the statute which in express language prevents the abatement, and authorizes the revival, of the pending action, is to cause the cause of action upon which this action is based to survive for the purpose of prosecuting it to final termination.

A statute may make a cause of action survive when an action instituted upon it was pending at the death of the person who brought it, even though the cause of action would not have survived if no action had been begun. 1 Am. Jur., Abatement and Revival, Section 79. Under a statute which provides that "No action pending in any court shall abate by the death of either party" and which excepts designated actions other than actions for personal injuries, if a plaintiff dies from personal injuries for which he sued, the pending action does not abate and may be revived by his personal representative and prosecuted to final judgment. *Murray* v. *Omaha Transfer Co.*, 95 Neb. 175, 145 N. W. 360, 7 A. L. R. 1343. Numerous cases hold, however, that a statute which in terms prevents abatement and provides for the revival of pending actions, does not operate as a revival statute if no action is pending at the time of the death of the injured party. 1 Am. Jur., Abatement and Revival, Section 79. That situation, however, does not arise in this case.

The defendants insist that if the scope of the Act of 1945 is broad enough to give sanction to the revival of the action instituted in the lifetime of John T. Carter, the act is unconstitutional because that object is not expressed in its title. This contention calls for examination and consideration of the title to the act which is couched in this language:

> "AN ACT to amend and reenact section eight, article seven, chapter fifty-five of the code of West Virginia, one thousand nine hundred thirty-one, relating to the termination or abatement of action for injury upon the death of either party and providing for the survival of action against the personal representative of the wrongdoer."

The title to the act refers specifically to a particular section, article and chapter of the Code of 1931 and states that the act is to amend and re-enact the designated section, article and chapter, and that it relates to "termination or abatement of action for injury upon the death of either party". The original section 8, prior to the amendment of 1945, was incorporated in the Code of 1931 as Section 8, Article 7, Chapter 55. When an act amends a designated chapter and section of the Code and 'in its title it refers specifically to the amended chapter and section, it sufficiently complies with the constitutional requirement that the object must be expressed in the title. The new matter incorporated by the amendment must not be foreign to the subject of the prior legislation but congruous and germane to it and such as might have been put into that legislation under the original title in the case of a separate act, or in the chapter of the Code, when originally enacted. The amendment may, and generally will, contain various provisions of diverse nature; but if such provisions are merely in furtherance of the object expressed in the title they are covered and justified by it. *Roby* v. *Sheppard*, 42 W. Va. 286, 26 S. E. 278; *Ebbert* v. *Tucker*, 123 W. Va. 385, 15 S. E. 2d 583. It is well settled that a statute may be amended by reference to article and section if that which is done by the amendment is in conformity to the general purpose of the amended act. *Morris*

v. *Sevy,* 129 W. Va. 331, 40 S. E. 2d 874; *State* v. *Huber,* 129 W. Va. 198, 40 S. E. 2d 11, 168 A. L. R. 808; *Cole* v. *Pond Fork Oil and Gas Co.,* 127 W. Va. 762, 35 S. E. 25, 160 A. L. R. 970.

In considering whether an act of the Legislature violates the constitutional requirement concerning its title, the provision of the Constitution must be construed liberally in favor of the act, *Chesapeake & Ohio R. R. Co.* v. *Patton,* 9 W. Va. 648; *Slack* v. *Jacobs,* 8 W. Va. 612; and generally the language in a title to an act should be construed in the most comprehensive sense favorable to the validity of the act. *Shields* v. *Bennett,* 8 W. Va. 74; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *State* v. *Haskins,* 92 W. Va. 632, 115 S. E. 720; *Casto* v. *Upshur County High School Board,* 94 W. Va. 513, 119 S. E. 470; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504; *State* v. *Scarbrough,* 108 W. Va. 9, 150 S. E. 219; *Brewer* v. *City of Point Pleasant,* 114 W. Va. 572, 172 S. E. 717. The provisions of Section 30, Article VI of the Constitution of this State, will be liberally construed to sustain a legislative enactment and all doubt will be resolved in favor of the constitutionality of the statute. *Bedford Corporation* v. *Price,* 112 W. Va. 674, 166 S. E. 380; *State* v. *Scarbrough,* 108 W. Va. 9, 150 S. E. 219; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504.

When the principal object of an act is expressed in the title and the act embraces with such principal object other auxiliary objects, the act, if not otherwise objectionable, is valid, not only as to the principal object but also as to the auxiliary objects. *Shields* v. *Bennett,* 8 W. Va. 74; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470. If the title to an act is broad enough to give a fair and reasonable index to all the purposes of the act, it is not necessary to descend to particulars in the title. *State* v. *Thompson,* 80 W. Va. 698, 93 S. E. 810; *Casto* v. *Upshur County High School Board,* 94 W. Va. 513, 119 S. E. 470; *Bent* v. *Weaver,* 108 W. Va. 299, 150 S. E. 738; *Brozka* v. *County Court of Brooke County,* 111 W. Va. 191, 160 S. E. 914; *Leonhart* v. *Board of Education,* 114 W. Va. 9, 170 S. E. 418; *McEldowney* v. *Wyatt,* 44 W. Va. 711, 30 S. E. 239, 45 L. R. A. 609;

*State* v. *County Court of Wirt County,* 37 W. Va. 808, 17 S. E. 379. If the title to an act is sufficiently clear and full as not to mislead the legislators, it satisfies the requirements of Section 30, Article VI of the Constitution of this State, *State* v. *Kelly & Co.,* 127 W. Va. 418, 33 S. E. 2d 230; and that constitutional provision does not require the details of the legislation to be disclosed in the title; *Hood* v. *City of Wheeling,* 85 W. Va. 578, 102 S. E. 259. The test of the sufficiency of the title to a statute is whether it will impart to a person interested in its subject matter enough information to provoke a reading of the act and to restrict its scope to a single topic. *Sypolt* v. *Shaffer,* 130 W. Va. 310, 43 S. E. 2d 235. Incidental or auxiliary objects which are germane to the principal object of a statute may be included in the statute without being stated in the title. *Brewer* v. *City of Point Pleasant,* 114 W. Va. 572, 172 S. E. 717.

Tested by the foregoing firmly established principles, the title to the amendatory act, Section 8, Article 7, Chapter 2, Acts of the Legislature of 1945, Regular Session, satisfies the constitutional requirement and is sufficient.

The main object of the title is the action for damage brought by a person who is injured by the wrongful act of any person and who dies while the action is pending. That action was described in Section 8, Article 7, Chapter 55, of the Code of 1931 as originally enacted, but was limited to an injured person whose death resulted from the injury caused by the wrongdoer. The amendatory act of 1945, under its title, could change the basis of the action or remove the limitation imposed by the original statute, and the action, as modified by the amendment, could have been dealt with and incorporated in the section when it was first enacted.

The language of the title mentions the subject of termination or abatement of action for injury upon the death of either party, and is broad enough to cover the terms of the act which provide that the pending action which it describes shall not abate by reason of the death of the

injured person who institutes it for damage caused by the wrongful act of another and that, his death being suggested, the action may be revived in the name of his personal representative. The language of the title is also sufficient to cover the terms of the act which provide that any right of action which may accrue by reason of any injury done to the person of another, not resulting in death, by the wrongful act of any person, shall survive the death of the wrongdoer. These matters are in furtherance of and germane to the object expressed in the title by reason of their natural relation to it. They are not foreign to the subject of the original statute, Section 8, Article 7, Chapter 55, incorporated in the Code of 1931, but are congruous and germane to that statute and are such as might have been included in it when it was first enacted.

The two special pleas mentioned in the certificate had been filed by the defendants before the circuit court ruled upon their demurrer to the amended declaration, but when the court sustained the demurrer to that declaration there was no sufficient pleading in the case to which any pleas in bar of the action could be properly filed. Accordingly the action of the court in sustaining the demurrers of the plaintiffs to the pleas was premature and the question of the legal sufficiency of the pleas should not have been certified. For this and the additional reason that the parties, upon the submission of this case, have not raised that question in the argument or the briefs, which deal entirely with the action of the court upon the demurrer to the amended declaration, the legal sufficiency of the special pleas has not been considered by this Court upon the certificate.

For the reasons stated the ruling of the circuit court in sustaining the demurrer to the amended declaration is reversed.

*Ruling reversed.*

Fox, Judge, dissenting:

I am unable to concur in the holding of the majority on the principal question involved.

The question of the force and effect to be given to Chapter 2, Article 7, Section 8, Acts of the Legislature, 1945, is the controlling one. I assume that no one will deny that this statute is in derogation of the common law, on the subject with which it deals, and, therefore, we must apply to it the rule of strict construction.

In my opinion, the Act of 1945 does two things: (1) It provides the rule to be followed in cases of injury resulting in death, either before or after the institution of an action based on such injury; and (2) the rule governing cases where a person has been injured, sues to recover therefor, and, during the pendency of his action, dies from causes other than the injury for which he had instituted his action.

The first situation is fully and plainly covered by the statute. It provides "where an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporataion, and the person injured dies pending the action, the action shall not abate by reason of his death but, his death being suggested, it may be revived in the name of his personal representative, and the declaration and other pleadings shall be amended so as to conform to an action under sections five and six of this article, and the case proceeded with as if the action had been brought under said sections".

Sections five and six referred to, Code, 55-7÷5, 6, cover actions for wrongful death, and it seems to me clear that what was intended by the 1945 Act was to provide for revival of actions for wrongful death, covered by said sections, and that only.

The second situation is, in my opinion, also governed by the statute which reads: "And any right of action which may hereafter accrue by reason of any injury done to the person of another, and not resulting in death, by the wrongful act, neglect or default of any person, shall survive the death of the wrongdoer and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may

have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party."

The statute plainly separates the two situations. In the first, the action may be revived in the name of the injured party against the personal representative of the wrongdoer; and, likewise, revived in the name of the personal representative of the injured party against the wrongdoer or his personal representative. There can be no question on this point.

But when we come to the second situation, we find a limitation on the right of revival. All we have to do is to read the statute. It plainly provides that an action "shall survive the death of the wrongdoer". It does not provide that it shall survive the death of the injured person, and leaves in full force and effect the common law rule under which, in such a case, the action would abate. When we say that this statute should be construed to mean that an action may be revived in the name of the personal representative of an injured person, who dies from other causes, we merely make law, and, in so doing, invade the province of the Legislature.

Able counsel for the plaintiff in error do not even contend that the statute, in plain terms, provides for the revival of an action by the personal representative of the injured party, in cases where death results from causes other than that for which the action was instituted. Their contention is based upon the language occurring near the end of the section, "or by bringing an original suit against his personal representative after his death whether or not the death of the wrongdoer occurred before or after the death of the injured party". Admittedly, this language throws doubt on the question, but we think the main provision of the statute, limiting the right of revival, as indicated above, should govern.

The first half of the 1945 Act is complete in itself; so is

the second half. They relate to separate and distinct situations, one, where the death results from the injury; the other where an injured person dies from other causes. The Legislature has plainly made a distinction. The majority opinion says that it did not mean to do so, and we make the law to conform to our idea of what the Legislature possibly intended to do. I do not think we should assume such a power. It conflicts with my conception of the mutual obligation which should be recognized in dealing with the functions of the several departments of our State government.

I concur in the majority opinion that the title of the 1945 Act is sufficient.